1   Paul R. Kiesel, State Bar No. 119854
      *kiesel@kiesel.law*
2   Jeffrey A. Koncius, State Bar No. 189803
      *koncius@kiesel.law*
3   Cherisse H. Cleofe, State Bar No. 290152
      *cleofe@kiesel.law*
4   **KIESEL LAW LLP**
    8648 Wilshire Boulevard
5   Beverly Hills, CA 90211-2910
    Tel:   310-854-4444
6   Fax:   310-854-0812

7   Attorneys for Plaintiffs and the Proposed Classes

8   *(Additional Counsel for Plaintiffs Listed on Signature Page)*

9
    Michael L. Mallow (SBN 188745)
10  mmallow@shb.com
    Darlene M. Cho (SBN 251167)
11  dcho@shb.com
    SHOOK, HARDY & BACON L.L.P.
12  2049 Century Park East, Suite 3000
    Los Angeles, CA 90067
13  Telephone:   (424) 285-8330
    Facsimile:   (424) 204-9093
14

15  Attorneys for Defendant
    Mazda Motor of America, Inc.
16  d/b/a Mazda North American Operations

17              **UNITED STATES DISTRICT COURT**

18              **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 19  TERRY SONNEVELDT, et al., | **Case No. 8:19-cv-01298-JLS-KES** |
| 20              Plaintiffs, | **JOINT RULE 26(f) REPORT** |
| 21 | |
| 22        v. | Date:   February 21, 2020 |
| 23  MAZDA MOTOR OF AMERICA, INC. | Time:  10:30 a.m. |
|     d/b/a  MAZDA  NORTH  AMERICAN | Judge: Hon. Josephine L. Staton |
| 24  OPERATIONS, et al., | Ctrm.: 10A, 10th Floor |
| 25              Defendants. | |
| 26 | |
| 27 | |
| 28 | |

Pursuant to Section 1 of the Court's December 12, 2019 Order Setting Scheduling Conference (ECF No. 59), Plaintiffs Terry Sonneveldt, Esther Wright Schneider, Shannon Proven, Michael Bibbo, Alan Meshberg, Brian Hume, Amie And Jean Levasseur, Christopher Lacasse, Beth And Dan Pickerd, Tim Halwas, Erin Matheny, Lewis Delvecchio, Jon Sowards, Lawrence Bohana, Monika Bohana, David Dennis, Jacqueline S. Aslan, Michael Gilreath, and Renatta Gilreath ("Plaintiffs") and Mazda Motor of America, Inc. d/b/a Mazda North America Operations ("MNAO") (collectively, "Parties")[1] submit this Joint Rule 26(f) Report (the "Report") reflecting their respective and/or collective views on the matters identified by the Court and the Parties. This Report is the result of a conference held between counsel for the Parties on January 29, 2020.

I.    **Statement of the Case**

A.    **Plaintiffs' Position**

Defendants MNAO and Mazda Motor Corp. ("MMC") designed, manufactured, marketed and sold hundreds of thousands of Class Vehicles[2] despite knowing that they contained a defective water pump. The Class Vehicles are equipped with the Mazda Cyclone engine (the "Cyclone Engine"), which contains a defect in design, manufacturing, materials and/or workmanship that causes the water pump to suddenly and prematurely fail, well before the end of the useful life of the engine (the " Water Pump Defect").  Specifically, MMC and MNAO designed and sold vehicles that incorporated an internal, chain driven water pump that used

---

[1] A motion to dismiss Mazda Motor Corp. for lack of personal jurisdiction is pending. To the extent any information required in this Joint Rule 26(f) is solely in the possession, custody, or control of MC or otherwise differs from the information MNAO submits herein, MC will provide an update to this Report after it has entered an appearance in this action.

[2] Class Vehicles include: Mazda CX-9 for model years 2007 through 2016 and the Mazda 6 for model years 2009 through 2013.

JOINT RULE 26(f) REPORT

1  substandard materials, prone to breakage and premature failure, and situated the

2  water pump over the main body of the engine, allowing any leak of coolant to mix

3  with oil and destroy the engine. Because their vehicles were equipped with the

4  defective water pumps, Plaintiffs have had to pay thousands of dollars for significant

5  repairs, and in some cases, replacement of the entire engine.   This Court

6  unquestionably has personal jurisdiction over Defendant MMC, MNAO's Japan-

7  based parent corporation, because MMC's purposefully availed itself of the benefits

8  of doing business in California. *See* ECF No. 61.

9       MMC and MNAO both had knowledge of the Water Pump Defect, but never

10  disclosed it to Plaintiffs and Class members and continues to deny its existence.  As

11  early as 2008, MMC and MNAO knew that the water pump's location within the

12  engine block created the risk that coolant would mix with oil, causing catastrophic

13  engine failure. MMC and MNAO was also made aware of the Water Pump Defect

14  through numerous consumer complaints reported to the National Highway Traffic

15  and Safety Administration ("NHTSA") and Mazda dealerships. Many customers

16  reported sudden engine failure while driving, leading to dangerous on-road

17  situations.

18       As a direct result of MMC and MNAO's unlawful conduct, Plaintiffs and

19  members of the Classes have been harmed and are entitled to, *inter alia*, actual

20  damages, including: damages for diagnosis, repair and/or replacement of the water

21  pump, damaged engine parts or the entire engine; benefit of the bargain damages;

22  damages for the diminished value of their vehicles; compensatory, statutory and

23  punitive damages, attorneys' fees, costs, restitution and/or injunctive and declaratory

24  relief.

25       Plaintiffs bring this action seeking compensation for the harm and damages

26  associated with the Water Pump Defect, asserting claims on behalf of a nationwide

27

28

class and state sub-classes[3] for violation of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.*, fraud, breach of implied warranty of merchantability, breach of express warranty, negligent misrepresentation, violation of the Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1791, *et seq.*, and violation of state consumer protections statutes.

### B.    MNAO's Position

MNAO will not address the arguments set forth above in Plaintiffs' Statement of the Case as MNAO's Rule 12(b)(6) and MC's Rule 12(b)(2) motions are pending, which identify grounds MNAO and MC believe require the dismissal of all of the claims asserted by Plaintiffs. In short, MNAO denies Plaintiffs' claims that their vehicles were defective or unmerchantable; that knowledge the water pumps in Plaintiffs' vehicles might fail after the expiration of any applicable limited warranty gave rise to a duty to disclose under the laws upon which Plaintiffs' claims are based; and that Defendants are liable for fraudulent omissions, breached any implied or express warranties, or violated any state consumer protection statutes. To the extent any claims survive MNAO's pleadings challenge, MNAO anticipates that discovery, including into Plaintiffs' individual experiences with their vehicles, will demonstrate that their vehicles were not unmerchantable when first sold.  In addition, given that Plaintiffs' own alleged claims vary widely (among other problems), Plaintiffs will not be able to satisfy their burden of demonstrating that class certification is appropriate with respect to their claims.

---

[3] The sub-classes include the CLRA Sub-Class, California Sub-Class, Song-Beverly Sub-Class, Colorado Sub-Class, Florida Sub-Class, Illinois Sub-Class, Louisiana Sub-Class, Massachusetts Sub-Class, Michigan Sub-Class, Missouri Sub-Class, North Carolina Sub-Class, Ohio Sub-Class, Pennsylvania Sub-Class, Texas Sub-Class, and Virginia Sub-Class.

## II.   Legal Issues

### A.   Plaintiffs' Position

Potential legal issues include, but are not limited to the following:

- Whether the Class Vehicles contain the Water Pump Defect;

- Whether the Water Pump Defect is a design defect and/or a defect in material, manufacturing and/or workmanship;

- Whether the Water Pump Defect in the Class Vehicles presents a safety risk;

- Whether and when Defendants knew or should have known about the Water Pump Defect;

- Whether Defendants knew or should have known that the Water Pump Defect in Class Vehicles presents a safety risk;

- Whether Defendants had a duty to disclose the Water Pump Defect;

- Whether Defendants breached their duty to disclose the Water Pump Defect;

- Whether Defendants intentionally and knowingly concealed, suppressed and/or omitted material facts concerning the standard, quality or grade of the Class Vehicles and/or the Water Pump Defect;

- Whether Defendants negligently omitted or misrepresented material facts concerning the standard, quality or grade of the Class Vehicles and/or the Water Pump Defect;

- Whether Defendants made material omissions concerning the standard, quality or grade of the Class Vehicles and/or the Water Pump Defect;

JOINT RULE 26(f) REPORT

- Whether members of the Classes would pay less for a Class Vehicles if Defendants, at the time of purchase or lease, disclosed the Water Pump Defect;

- Whether members of the Classes would have purchased or leased a Class Vehicle if Defendants, at the time of purchase or lease, disclosed the Water Pump Defect;

- Whether Defendants actively concealed material facts from Plaintiffs and members of the Classes in order to, *inter alia*, sell more Class Vehicles and/or transfer repair or replacement costs to Plaintiffs and members of the Classes;

- Whether Defendants breached express and/or implied warranties to Plaintiffs and members of the Classes;

- Whether damages, restitution, equitable, injunctive, compulsory or other relief are warranted.

**B.    MNAO's Position**

- Whether this Court may exercise personal jurisdiction over Mazda Motor Corp. as to any of the claims asserted by Plaintiffs.

- Whether the putative Class Vehicles are defective or unmerchantable.

- Whether the alleged Water Pump Defect was information material to a reasonable consumer.

- Whether MNAO had a duty to disclose the alleged Water Pump Defect.

- If MNAO had a duty to disclose the alleged Water Pump Defect, whether MNAO's disclosures were sufficient under the applicable laws.

- • Whether Plaintiffs suffered any cognizable injury or recoverable damages.

- • Whether Plaintiffs are entitled to the injunctive relief or equitable remedies they seek in this action.

- • Whether MNAO satisfied any obligations it had to putative class members under any applicable express or implied warranties.

- • Whether any claims asserted by Plaintiffs are time-barred or barred by the economic loss doctrine or for lack of privity.

- • Whether any of the claims asserted by Plaintiffs may be asserted on behalf of a nationwide class of putative class members.

- • Whether this case is suitable for class treatment pursuant to Federal Rules of Civil Procedure 23(a), (b)(3), and/or b(2), and whether this action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of those provisions.

## III. Damages

### A. Plaintiffs' Position

Plaintiffs cannot yet compile the information necessary to compute economic damages. These computations may require expert opinions, which are not yet discoverable under the applicable rules. By way of reference, given the internal placement of the water pump, replacing the water pump in the Cyclone Engine typically requires at least 12-14 hours of work, at an expense of over $1500. While unreasonable, this expense pales in comparison to the expense of replacing the entire engine as a result of the Water Pump Defect, which can range from $4000-$9000 for a replacement engine. Plaintiffs have paid as much as $8600 to have their failed engines replaced and many have lost the use of their Class Vehicles.

JOINT RULE 26(f) REPORT

1  Ultimately, the jury will decide the amount of damages recoverable for the
2  harm caused by Defendants.  Plaintiffs contend that as a direct result of Defendants'
3  unlawful conduct, Plaintiffs and members of the Classes have been harmed and are
4  entitled to, *inter alia*, actual damages, including: damages for diagnosis, repair
5  and/or replacement of the water pump, damaged engine parts or the entire engine;
6  benefit of the bargain damages; damages for the diminished value of their vehicles;
7  compensatory, statutory and punitive damages, attorneys' fees, costs, restitution
8  and/or injunctive and declaratory relief.

9  **B.      MNAO's Position**

10  MNAO denies Plaintiffs are entitled to any damages.

11  **IV.   Insurance**

12  **A.      Plaintiffs' Position**

13  Not applicable as to Plaintiffs.

14  **B.      MNAO's Position**

15  MNAO is not aware of any insurance coverage that would apply to this matter.

16  **V.    Motions**

17  **A.      Plaintiffs' Position**

18  Should the Court grant either of the Defendants' Motions to Dismiss in whole
19  or in part, Plaintiffs may seek leave to file a second amended complaint.  Plaintiffs'
20  counsel also continue to receive complaints from members of the putative class,
21  including class members who purchased their vehicles in states that are not currently
22  covered by any of the state-specific subclasses.  Accordingly, Plaintiffs may seek
23  leave to amend to add these class members as named plaintiffs and also include
24  additional claims under the laws of their respective states for additional subclasses.
25  Plaintiffs anticipate filing a Motion for Class Certification pursuant to the schedule
26  set forth in Exhibit A.

- 7 –

### B.   MNAO's Position

MNAO does not intend to file any motions seeking to add other parties or claims, file amended pleadings, or transfer venue.  MC has filed a motion to dismiss for lack of personal jurisdiction.

## VI.   Complexity

The Parties do not view this matter as complex and the Manual for Complex Litigation should not be required or utilized to facilitate the management of this case.

## VII.   Status of Discovery

### A.   Plaintiffs' Position

Plaintiffs have informed counsel for MMC and MNAO that Plaintiffs intend to serve document requests, interrogatories, and/or 30(b)(6) deposition notices, which may require MMC and MNAO to respond prior to a ruling on the motions to dismiss now pending before the Court.  Plaintiffs have also requested, in the alternative, jurisdictional discovery, in their Memorandum of Points and Authorities in Opposition to Mazda Motor Corp.'s Motion to Dismiss for Lack of Personal Jurisdiction (ECF No. 61).  MMC and MNAO have responded that would oppose Plaintiffs' request for full discovery prior to a decision on the currently pending motions to dismiss on the grounds that such discovery is premature.

### B.   MNAO's Position

Plaintiffs are incorrect that "MMC and MNAO have responded that [they] would oppose Plaintiffs' request for full discovery prior to a decision on the currently pending motions to dismiss on the grounds that such discovery is premature." No discovery has been served by Plaintiffs and MNAO therefore cannot respond to any discovery Plaintiffs may seek in the abstract.  MNAO has addressed Plaintiffs' intent to seek jurisdictional discovery in the context of the briefing

submitted to the Court, and will not present further argument on this issue in the context of the Rule 26(f) report. *See* Doc. 64. MNAO has not yet served written discovery, but plans to serve written discovery in the coming weeks.

## VIII. Discovery Plan

### A. Forms of Discovery

#### 1. Plaintiffs' Position

Plaintiffs intend to utilize all available forms of discovery, including requests for the production of documents and other tangible things, depositions, interrogatories, requests for admission, inspection requests, and third-party discovery. As is typical in cases of this nature, Plaintiffs intend to initially focus on obtaining and reviewing documents and conducting depositions of key witnesses.

#### 2. MNAO's Position

MNAO intends to propound interrogatories, requests for production, and requests for admission, depose Plaintiffs, and seek the inspection of Plaintiffs' vehicles.

### B. Timing for Initial Disclosures (Fed. R. Civ. P. 26(f)(3)(A))

The Parties have agreed to exchange initial disclosures on February 28, 2020.

### C. Subjects for Which Discovery Is Needed (Fed. R. Civ. P. 26(f)(3)(B))

#### 1. Plaintiffs' Position

Plaintiffs intend to seek discovery regarding, *inter alia*, Defendants' design, testing, manufacturing, advertising, marketing, and research and development regarding the Water Pump Defect in Class Vehicles; Defendants' tracking and receipt of customer complaints, warranty claims and replacements part orders regarding the Water Pump Defect in Class Vehicles; the efficacy of any countermeasures considered or implemented in connection with the Water Pump Defect; Defendants' communications with dealerships regarding failed water pumps

in Class Vehicles and warranty claims; Defendants' knowledge of the causes of the Water Pump Defect and representations made to customers and/or dealerships regarding water pump failures; Defendants' pricing of the Class Vehicles and repair and/or replacement costs associated with the Water Pump Defect; class certification issues; and damages. This list is subject to change as discovery proceeds and new information is obtained.

### 2.    MNAO's Position

The scope of information MNAO will seek will include Plaintiffs' use and maintenance of their vehicles, and any damages or injuries they claim to have experienced. MNAO reserves its right to assert any and all objections to the scope of discovery Plaintiffs claim they intend to seek as set forth above.

### D.    Electronically Stored Information and Claims of Privilege (Fed. R. Civ. P. 26(f)(3)(C) & (D))

Plaintiffs intend to prepare a stipulation or proposal relating to the collection and production of electronically stored information and claims of privilege.

MNAO agrees to confer with Plaintiffs regarding the form or forms in which any non-privileged electronically stored information should be produced.

### E.    Changes in Discovery Limitations (Fed. R. Civ. P. 26(f)(3)(E))

### 1.    Plaintiffs' Position

The Parties anticipate a need to change or otherwise alter the discovery limitations imposed by court rule as follows.

1.    Interrogatories.   The Parties may serve interrogatories limited to seventy-five (75) single questions per side.

2.      Depositions.  The Parties shall each be permitted a reasonable number of depositions in excess of the number permitted under the Federal Rules of Civil Procedure.  The Parties shall meet and confer as the case progresses concerning both deposition scheduling and the ultimate number of depositions.

### 2.      MNAO's Position

Any alterations to the limits on interrogatories and depositions should be deferred and not decided in the abstract.  Plaintiffs have not provided any information or reasoning to explain their need to serve seventy-five (75) interrogatories "per side" and take more than the ten (10) depositions presumptively permitted under Fed. R. Civ. P. 30.  It is also unclear as to what Plaintiffs mean by "seventy-five (75) interrogatories per side" and counsel for Plaintiffs suggested in the context of the parties' Rule 26(f) conference that they reserve the right to serve 75 interrogatories to each of MNAO and MC.  MNAO requests that Plaintiffs be required to confer with MNAO as to their need to alter the limits under the Federal Rules of Civil Procedure and, if the parties are not able to reach an agreement, to file an appropriate motion under Rule 26(b) so that the Court may evaluate whether any interrogatories and depositions beyond those presumptively permitted under the Federal Rules are unreasonably cumulative, duplicative, and/or obtainable from some other source; and whether the party seeking additional discovery has had ample opportunity to obtain the information.

### F.      Orders Under Fed. R. Civ. P. 26(c) or Rule 16(b) and (c) (Fed. R. Civ. P. 26(f)(3)(F))

The Parties will submit a Stipulated Protective Order for the Court's approval.

## IX.   Expert Discovery

### A.      Plaintiffs' Position

Plaintiffs propose conducting expert disclosures and discovery pursuant to the schedule set forth in Exhibit A.

- 11 –

**B.     MNAO's Position**

Because the parties are not bifurcating class and merits discovery, MNAO does not agree that separate deadlines should be set for trial experts.   MNAO proposes that Plaintiffs disclose their expert witness by December 21, 2020; that MNAO discloses its expert witness by February 8, 2021; and that all expert discovery be completed by April 26, 2021. (*see* Exhibit A).

**X.     Dispositive Motions**

**A.     Plaintiffs' Position**

Plaintiffs currently do not expect to file any dispositive motions.

**B.     MNAO's Position**

Before or concurrently with the briefing on class certification, MNAO may file a motion for summary judgment with respect to individual named Plaintiffs' claims.

**XI.     Alternative Dispute Resolution ("ADR") Procedure Selection**

The Parties select ADR Procedure No. 3 (private mediation).

**XII.   Settlement Efforts**

The parties have not yet discussed settlement of this litigation.

**XIII.  Preliminary Trial Estimate**

Consistent with this Court's procedures as of January 1, 2018, the Parties will address trial scheduling issues at the Final Pretrial Conference after conferring before the Final Pretrial Conference to identify mutually agreeable trial date(s) within the 90 days following the Final Pretrial Conference. The parties will provide estimates of trial length and witnesses at the Final Pretrial Conference.

## XIV.  Trial Counsel

### A.     Plaintiffs' Trial Counsel

Plaintiffs and the proposed classes will be represented by: Joseph H. Meltzer, Melissa L. Troutner, Tyler S. Graden, and Natalie Lesser, of Kessler Topaz Meltzer & Check LLP; Paul R. Kiesel, Jeffrey A Koncius, and Cherisse H. Cleofe, of Kiesel Law LLP; Jason H. Alperstein and Christopher C. Gold, of Robbins Geller Rudman & Dowd LLP; E. Powell Miller and Sharon S. Almonrode, of The Miller Law Firm, P.C.

### B.     Defendants' Trial Counsel

The names of the attorneys who will try the case on behalf of MNAO are: Michael L. Mallow and Darlene M. Cho.

## XV.  Independent Expert

The parties do not anticipate the need for a special master or independent expert at this time.

## XVI.  Other Issues

### A.     Timing of Class Certification and Service Agreement

#### 1.     Plaintiffs' Position

Pursuant to the Court's Policies and Procedures, in an ordinary case, the Court expects the filing of a class certification motion within six months of the scheduling conference.  As reflected in the schedule set forth in Exhibit A, Plaintiffs ask that the Court allow for ten months of discovery after the scheduling conference before moving for class certification.  Plaintiffs believe that an additional four months is warranted in light of the discovery that MMC and MNAO must produce and that Plaintiffs' experts must analyze prior to submitting their class certification expert reports.  The additional four months is further warranted in light of agreement between the Parties, attached hereto as Exhibit B, whereby the Parties agreed to

forego the formalities required by the Hague Service Convention in exchange for an agreement by the Parties: 1) to provide the Parties ninety (90) days from the date of service to respond to any and all written discovery; and 2) to provide at least ninety (90) days' notice of any depositions (excluding expert depositions). As contemplated by the Court's Policies and Procedures, it is Plaintiffs' position that expert reports in support of class certification and merits expert reports should proceed on separate schedules, with class certification expert reports to be filed concurrently with class certification and merits expert reports to be served after fact discovery has closed.

### 2.    MNAO's Position

MNAO agrees to the proposed deadline for Plaintiffs to file their motion for class certification by December 21, 2020.  Whether Plaintiffs are entitled to any information or documents solely in the possession, custody, or control of Mazda Motor Corp. will need to be addressed by the Parties following the Court's ruling on MC's motion to dismiss for lack of personal jurisdiction.  Given that the parties agree class and merits discovery should not be bifurcated, it is MNAO's position that there should not be separate fact discovery and expert discovery cutoffs for class and merits issues.  The pretrial dates proposed by MNAO in Exhibit A reflect MNAO's position.

### B.    Timing of Discovery

### 1.    Plaintiffs' Position

Plaintiffs' proposed schedule is contingent on MNAO and MMC responding to discovery within 90 days of service, as set forth in the Service Agreement attached hereto as Exhibit B, regardless of whether a decision has been issued on the pending motions to dismiss.  To the extent MNAO and/or MMC withhold discovery pending a decision on the motions, Plaintiffs' schedule may need to be adjusted to account for the delay in document production.

### 2.     MNAO's Position

Again, Plaintiffs have not served any discovery in this action and it is unclear what documents or information Plaintiffs will seek that is in the possession, custody, or control of MNAO.  If Plaintiffs later feel they need additional time to draft their motion for class certification because they will seek discovery regarding information or documents that are not solely in the possession, custody, or control of party(ies) over which the Court lacks personal jurisdiction, MNAO would not object to Plaintiffs seeking additional time to file their motion for class certification.

## C.     Redactions for Reasons Other Than Privilege

### 1.     Plaintiffs' Position

During the 26(f) conference, counsel for MNAO and MMC informed Plaintiffs' counsel that, in their document productions, MNAO and MMC plan to redact documents for reasons other than privilege, such as for relevancy.  Plaintiffs contend that such redactions are improper, and should not be permitted, because, *inter alia*:  (1) there is no valid reason for Defendants to redact documents for alleged relevancy where a Protective Order will be entered in this litigation, allowing MNAO and MMC to designate documents as Confidential (*see, e.g., Bartholomew v. Avalon Capital Grp., Inc.*, 278 F.R.D. 441, 452) (D. Minn. 2011) (finding "[r]edaction is an inappropriate tool for excluding alleged irrelevant information from documents that are otherwise responsive to a discovery request" and noting a protective order will protect against any confidentiality concerns); (2) Federal Rule of Civil Procedure 26(b)(1) permits broad discovery by specifically providing that relevant information "need not be admissible in evidence to be discoverable" (*see, e.g., Bonnell v. Carnival Corp.*, 2014 WL 10979823, at *3 (S.D. Fla. Jan. 31, 2014) ("Unilaterally redacting produced documents is also inconsistent with Federal Rule of Civil Procedure 26's overarching purpose of permitting broad discovery.")); (3) the Federal Rules of Civil Procedure permit the discovery of "documents"— not

discovery of individual pictures, graphics, paragraphs, sentences, or words contained within those documents (*see id.*); (4) Defendants should not be permitted to unilaterally decide which portions of otherwise relevant documents are irrelevant to the case (*see, e.g., Evon v. Law Offices of Sidney Mickell*, 2010 WL 455476, at \*2, n.1 (E.D. Cal. Feb. 3, 2010) ("Redaction is, after all, an alteration of potential evidence. The Federal Rules sanction only very limited unilateral redaction, *see* Fed. R. Civ. P. 5.2. Outside of these limited circumstances, a party should not take it upon him, her or itself to decide unilaterally what context is necessary for the non-redacted part disclosed, and what might be useless to the case."); (5) irrelevant information within a document that contains relevant information is often highly useful to providing context for the relevant information (*see, e.g., Bartholomew,* 278 F.R.D. at 451-52) ("[T]he Federal Rules of Civil Procedure do not grant parties the power to unilaterally redact information on the basis of relevance."); and (6) permitting such redactions will cause unnecessary delay and expense, as document productions will be subjected to heighted review and scrutiny prior to production, in addition to potential challenges or judicial intervention post-production should the parties disagree about whether documents were properly redacted (*see, e.g., Bonnell*, 2014 WL 10979823, at \*3 (prohibiting relevancy redactions because, *inter alia*, the redactions "result[] in litigation of collateral issues and *in camera* review of documents by the Court, with the result that the time of both counsel and the Court is wasted"). Plaintiffs believe that the least costly and time consuming, and more efficient course of action, supported by the relevant case law and the Federal Rules of Civil Procedure, is to prohibit such redactions at the outset.  Any confidentiality concerns will be addressed by the Court's entering of a Protective Order in this litigation.  *See Evon*, 2010 WL 455476, at \*2, n.1 (protective orders are available to "shield irrelevant, but important-to-keep-confidential information").

1    **2.    MNAO's Position**

2        In an effort to streamline discovery, counsel for MNAO attempted to reach

3    advance agreement with counsel for Plaintiffs to permit the redaction of information

4    in compilation type documents that is neither relevant to this case nor responsive to

5    Plaintiffs' discovery requests. Although no advance agreement could be reached,

6    primarily because plaintiffs would not agree to relevancy redactions in a vacuum,

7    there is no current and actual dispute between MNAO and Plaintiffs regarding

8    relevancy redactions that require a court ruling. It is MNAO's position that

9    plaintiffs' request seeking a blanket prophylactic prohibition against any relevancy

10   redactions in the absence of pending document requests, document responses or

11   production of documents that contain redactions, is inappropriate. If an issue related

12   to relevancy redaction arises, MNAO will certainly meet and confer with plaintiffs'

13   counsel in an effort to reach resolution of the issue without court involvement. If

14   those attempts fail, then and only then will this issue be ripe for the court.

15

16   DATED: February 7, 2020                     Respectfully submitted,

17

| **KESSLER TOPAZ**<br>  **MELTZER & CHECK, LLP** | **SHOOK, HARDY & BACON L.L.P.** |
|---|---|
| | |
| */s/ Melissa L. Troutner*<br>Joseph H. Meltzer<br>Melissa L. Troutner<br>Tyler S. Graden<br>Natalie Lesser<br>280 King of Prussia Road<br>Radnor, PA 19087<br>Tel: (610) 667-7706<br>Fax: (610) 667-7056<br>jmeltzer@ktmc.com<br>mtroutner@ktmc.com<br>tgraden@ktmc.com<br>nlesser@ktmc.com | */s/ Michael L. Mallow*<br>Michael L. Mallow (SBN 188745)<br>Darlene M. Cho (SBN 251167)<br>2049 Century Park East, Suite 3000<br>Los Angeles, CA 90067<br>Telephone: (424) 285-8330<br>Facsimile: (424) 204-9093<br>mmallow@shb.com<br>dcho@shb.com<br><br>***Attorneys for Defendant Mazda Motor***<br>***of America, Inc.*** |

18
19
20
21
22
23
24
25
26
27
28

1
2
3  Paul R. Kiesel
   Jeffrey A Koncius
4  Cherisse H. Cleofe
   **KIESEL LAW LLP**
5  8648 Wilshire Boulevard
   Beverly Hills, CA 90211-2910
6  Tel: (310) 854-4444
7  Fax: (310) 854-0812
   kiesel@kiesel.law
8  koncius@kiesel.law
9  cleofe@kiesel.law

10
   Jason H. Alperstein
11 Christopher C. Gold
12 **ROBBINS GELLER**
   **  RUDMAN & DOWD LLP**
13 120 East Palmetto Park Rd., Suite 500
14 Boca Raton, FL 33432
   Tel.: (561) 750-3000
15 Fax: (561) 750-3364
16 jalperstein@rgrdlaw.com
   cgold@rgrdlaw.com
17
18 E. Powell Miller
   Sharon S. Almonrode
19 **THE MILLER LAW FIRM, P.C.**
20 Miller Building
   950 West University Drive, Suite 300
21 Rochester, MI 48307
22 Tel.: (248) 841-2200
   Fax: (248) 652-2852
23 epm@miller.law
24 ssa@miller.law

25 John C. Goodson
26 Matt Keil
   **KEIL & GOODSON P.A.**
27 406 Walnut Street
28 Texarkana, Arkansas 71854

1
2
3

Tel: (870) 772-4113
Fax: (870) 773-2967
jgoodson@kglawfirm.com
mkeil@kglawfirm.com

4
5
6
7

Robert H. Edwards
**THE EDWARDS FIRM, P.L.L.C.**
711 West Third Street
Little Rock, AR 72201
Tel.: (501) 372-1329

8
9

***Additional Counsel for Plaintiffs and the Proposed Classes***

10
11

## ATTESTATION PURSUANT TO LOCAL RULE 5-4.3.4(a)(2)(i)

12
13
14
15
16

I, MICHAEL L. MALLOW, am the ECF User whose identification and password are being used to file this document.  In compliance with Civil Local Rule 5-4.3.4(a)(2)(i), I hereby attest that all signatories have concurred in this filing.

17

By: */s/ Michael L. Mallow*

18
19
20
21
22
23
24
25
26
27
28