UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:19-cv-01298-JLS-KES                    Date:  April 22, 2020
Title:  Terry Sonneveldt et al v. Mazda Motor of America, Inc., et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

    Terry Guerrero                                          N/A
      Deputy Clerk                                      Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

    Not Present                                       Not Present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER (1) HOLDING IN ABEYANCE
                 DEFENDANT MAZDA MOTOR CORPORATION'S MOTION
                 TO DISMISS (Doc. 57) AND (2) ORDERING
                 JURISDICTIONAL DISCOVERY**

        Before the Court is Defendant Mazda Motor Corporation's ("MMC") Motion to
Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2).  (Mot., Doc. 57-1.)
Plaintiffs opposed, and Mazda replied.  (Opp., Doc. 61; Reply, Doc. 64.)  For the
following reasons, the Court HOLDS IN ABEYANCE MMC's Motion and ORDERS
jurisdictional discovery as set forth below.

##    I.    BACKGROUND

### A. The Water Pump Defect and the Initiation of Suit

        This is a putative class action involving the 2007-2016 model years of the Mazda
CX-9 vehicle and the 2009-2013 model years of the Mazda6 vehicle (the "Class
Vehicles").  (FAC ¶ 3, Doc. 54.)  According to the FAC, those vehicles incorporate the
Mazda Cyclone Engine, which contains "a defect in design, manufacturing, materials
and/or workmanship that causes the water pump to suddenly and prematurely fail well-
before the end of the useful life of the engine."  (*Id*. ¶ 2.)  And because the "Cyclone
Engine has an internal water pump connected to the crankshaft by the timing chain and
positioned directly above the crankshaft[,] . . . coolant from a failed or failing water pump
[leaks] into engine parts, including, *inter alia*, the timing chain, crankcase and/or oil

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:19-cv-01298-JLS-KES                              Date:  April 22, 2020

Title:  Terry Sonneveldt et al v. Mazda Motor of America, Inc., et al

pan." (*Id*. ¶¶ 57, 59.)  As a result, coolant mixes with the engine oil which can then spread throughout the entire engine causing "immediate catastrophic engine failure, without the operator of the vehicle having any prior notice of the problem or of the imminent failure." (*Id*. ¶ 59.)  This dispute involves Mazda's alleged failure to disclose information regarding, or remedy, this defect. (*Id*.)

Plaintiffs are twenty-one individuals who purchased or leased Class Vehicles, and thereafter experienced the alleged water pump defect inherent in the Cyclone Engine, suffering consequential damages. (*See id*. ¶¶ 23-39.)  They seek to represent a nationwide class consisting of "[a]ll persons or entities in the United States who purchased, leased or own a Class Vehicle (the "Nationwide Class" or "Class")." [1] (*Id*. ¶ 99.)  Plaintiffs filed this action on June 28, 2019. (Compl., Doc. 1.)  In their FAC, they bring claims for: (1) fraud; (2) negligent misrepresentation; (3) breach of express and implied warranties; (4) violation of Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq*.; (5) violation of the Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1791, *et seq*.; and (6) violations of the consumer protection laws of California, Colorado, Illinois, Louisiana, Massachusetts, Michigan, Missouri, North Carolina, Ohio, Pennsylvania, Texas, and Virginia. (FAC ¶¶ 4, 112-1257.)

**B. Mazda Motor Corporation and Mazda North American Operations**

Plaintiffs name two defendants in their FAC, (1) MMC and (2) Mazda Motor of America, Inc. d/b/a Mazda North American Operations ("MNAO"). (*Id.* ¶¶ 40-48.)  MMC is a Japanese Corporation, with its principal place of business located in Hiroshima Prefecture, Japan. (*Id*. ¶ 42; Opp. at 3; Yamashina Decl. ¶ 2, Doc. 57-2.)  MMC Legal Affairs Department Staff Manager Osamu Yamashina attests that MMC did not design, test, or manufacture the Class Vehicles in California. (Yamashina Decl. ¶¶ 3-4.)  He further states that MMC has no involvement in the marketing, sale, distribution, or delivery of Mazda vehicles in California. (*Id*. ¶¶ 5, 7, 8, 18.)  Nor does MMC hold a

---

[1] The Nationwide Class is further divided into fifteen sub-classes, the majority of which serve to group Class Members based on the state in which they purchased or leased their Class Vehicle. (*See* FAC ¶ 99.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:19-cv-01298-JLS-KES                    Date:  April 22, 2020
Title:  Terry Sonneveldt et al v. Mazda Motor of America, Inc., et al

license to do business, conduct any business or maintain a place of business, possess any real property, hold a bank account, or have an agent for service of process in California. (*Id.* ¶¶ 9, 10, 12, 13, 16.)  Rather, MMC and Mr. Yamashina assert that those functions are engaged in solely by MMC's United States subsidiary, MNAO, a California corporation with its principal place of business in Irvine.  (Yamashina Decl.; Mot. at 2-3; FAC ¶ 40.)  As they put it, while MNAO is owned by MMC, the two corporations are completely independent legal entities, the corporate formalities between which are respected.  (Yamashina Decl. ¶¶ 19-27.)  Plaintiffs acknowledge the relationship between the two Defendants, noting "MMC designs, engineers, manufactures, markets and/or sells vehicles throughout the world through its subsidiaries [], including MNAO."  (FAC ¶¶ 43.)  However, they allege that "MMC exercises significant control over the operations of MNAO such that MNAO is MMC's agent" and acts "at the behest of MMC."  (*Id.* ¶¶ 43-45.)

In the instant Motion, MMC argues that this Court lacks personal jurisdiction over it.

## II.    LEGAL STANDARD

Rule 12(b)(2) allows a party to assert lack of personal jurisdiction as a defense by motion.  Fed. R. Civ. P. (12)(b)(2).  "Although the defendant is the moving party on a motion to dismiss [for lack of personal jurisdiction], the plaintiff bears the burden of establishing that jurisdiction exists."  *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002).  "[I]n the absence of an evidentiary hearing, the plaintiff need only make 'a prima facie showing of jurisdictional facts to withstand the motion to dismiss.'"  *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1127 (9th Cir. 2010) (quoting *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006)).[2]

---

[2] The district court has discretion to hold an evidentiary hearing on a 12(b)(2) motion to resolve "issues of credibility or disputed questions of fact" raised in the pleadings and other submitted materials.  *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977). Neither party has requested an evidentiary hearing, and because the Court determines that jurisdictional discovery is appropriate, *see infra* Section III.C, a hearing is not warranted at this time.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:19-cv-01298-JLS-KES                    Date:  April 22, 2020

Title:  Terry Sonneveldt et al v. Mazda Motor of America, Inc., et al

Generally, the court may consider the pleadings as well as any declarations submitted by the parties when deciding a motion to dismiss for lack of personal jurisdiction.  *See Data Disc. Inc. v. Systems Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977).  The "uncontroverted allegations in [the plaintiff's] complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in [the plaintiff's] favor."  *Rio Props.*, 284 F.3d at 1019.  In other words, "for the purpose of this [prima facie] demonstration, the court resolves all disputed facts in favor of the plaintiff."  *Pebble Beach*, 453 F.3d at 1154.

"In evaluating the appropriateness of personal jurisdiction over a nonresident defendant, [courts] ordinarily examine whether such jurisdiction satisfies the 'requirements of the applicable state long-arm statute' and 'comport[s] with federal due process.'"  *Bauman v. DaimlerChrysler Corp.*, 644 F.3d 909, 919 (9th Cir. 2011) (alteration in original) (quoting *Chan v. Soc'y Expeditions, Inc.*, 39 F.3d 1398, 1404-05 (9th Cir. 1994)).  "Because California permits the exercise of personal jurisdiction to the full extent permitted by due process, [courts] need only determine whether jurisdiction over [a defendant] comports with due process."  *Id.* (internal citation and quotation marks omitted); *see* Cal. Civ. Proc. Code § 410.10 ("A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States.").  "For due process to be satisfied, a defendant, if not present in the forum, must have 'minimum contacts' with the forum state such that the assertion of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'"  *Pebble Beach*, 453 F.3d at 1155 (quoting *Int'l Shoe Co. v. State of Wash., Office of Unemp't Comp. & Placement*, 326 U.S. 310, 316 (1945)).

"Applying the 'minimum contacts' analysis, a court may obtain either general or specific jurisdiction over a defendant."  *Doe v. Unocal Corp.*, 248 F.3d 915, 923 (9th Cir. 2001).  "If the defendant's activities in the forum are substantial, continuous and systematic, general jurisdiction is available; in other words, the foreign defendant is subject to suit even on matters unrelated to his or her contacts [with] the forum."  *Id.*  On the other hand, "[a] court may exercise specific jurisdiction over a foreign defendant if his or her less substantial contacts with the forum give rise to the cause of action before

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   8:19-cv-01298-JLS-KES                             Date:  April 22, 2020

Title:  Terry Sonneveldt et al v. Mazda Motor of America, Inc., et al

the court." *Id.*  The Ninth Circuit applies a three-part test to determine whether a district court can exercise specific personal jurisdiction over a nonresident defendant:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws (the "purposeful availment" requirement);
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) (quoting *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987)).  "The plaintiff bears the burden of satisfying the first two prongs of the test." *Id.*  "If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Id.* (quoting *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 477 (1985)).  Where a Court exercises specific jurisdiction over a defendant, "the fair warning that due process requires arises not at the time of the suit, but when the events that gave rise to the suit occurred." *Steel v. United States*, 813 F.2d 1545, 1549 (9th Cir. 1987).

## III.   DISCUSSION

In the motion at bar, MMC asserts that it (1) lacks the continuous and systematic contacts with California required for this Court to exercise general jurisdiction and (2) has not purposefully availed itself of the benefits and protections of California, or purposefully directed its activities towards California, in a manner that would render specific jurisdiction appropriate.  (Mot. at 4-14.)  Plaintiffs do not dispute that this Court

---

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:19-cv-01298-JLS-KES                              Date:  April 22, 2020
Title:  Terry Sonneveldt et al v. Mazda Motor of America, Inc., et al

lacks general jurisdiction over MMC and argues only that an exercise of specific jurisdiction is warranted.  (Opp. at 4 n.5.)

### A.  Plaintiffs' Purposeful Availment and Purposeful Direction Theories

"The purposeful availment requirement ensures that a nonresident defendant will not be haled into court based upon 'random, fortuitous or attenuated' contacts with the forum state." *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998) (quoting *Burger King,* 471 U.S. at 475).  The phrase "purposeful availment" includes both purposeful availment and purposeful direction, which are distinct concepts and analyses. *Schwarzenegger*, 374 F.3d at 802.  When assessing specific jurisdiction, courts use a purposeful availment analysis in suits sounding in contract and a purposeful direction analysis in suits sounding in tort.  *Id*.  Here, Plaintiffs bring claims sounding in tort, such as fraud, and claims sounding in contract, such as breach of express warranty. (*See* TAC ¶¶ 112-1257.)  They assert that MMC has both purposefully availed itself of the privileges of conducting business in California and purposefully directed its activities towards the forum.  (Opp. at 5-7.)

Plaintiffs submit two theories in support of their argument that MMC has sufficient ties to California to render an exercise of specific jurisdiction appropriate.  The first focuses on MMC's own actions in: (1) designing the Class Vehicles to comply with California emissions standards; (2) marketing and distributing the Class Vehicles within California through its wholly owned subsidiary, MNAO; (3) appointing MNAO as its "designated agent in the U.S. to interface with [the National Highway Traffic Safety Administration ('NHTSA')]"; (4) "creating, printing, and publishing the owner's manuals, warranty booklets, and maintenance schedules for the Class Vehicles;" (5) providing "substantial input and exercis[ing] approval" over MNAO marketing activities in California; (6) having a similar name and identical logo to those of MNAO; and (7) incorporating a direct link to the MNAO website on the MMC website .  (Opp. at 6-10.) Plaintiffs second theory is that MMC exercises sufficiently "substantial control" over the activities of MNAO such that MNAO's California contacts should be imputed to MMC under an agency theory.  (*Id.* at 12-13.)

The Court first discusses the purposeful availment and purposeful direction

---

**CIVIL MINUTES – GENERAL**                                                    **6**

**CIVIL MINUTES – GENERAL**

Case No.  8:19-cv-01298-JLS-KES                    Date:  April 22, 2020

Title:  Terry Sonneveldt et al v. Mazda Motor of America, Inc., et al

analyses before explaining why the acts directly attributable to MMC do not justify an exercise of specific jurisdiction.  Finally, the Court addresses the agency theory raised by Plaintiffs and why it is necessary that Plaintiffs conduct jurisdictional discovery before the Court determines whether such a theory is applicable here.

### 1.  Purposeful Availment

"The purposeful availment prong of the minimum contacts test requires a qualitative evaluation of the defendant's contact with the forum state."  *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1130 (9th Cir. 2003).  "[T]he purposeful availment requirement is satisfied if the defendant has taken deliberate action within the forum state or if he has created continuing obligations to forum residents."  *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995).   By taking actions such as the execution or performance of a contract within a state, "a defendant 'purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'"  *Schwarzenegger* 374 F.3d at 802 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).

Some actions by a defendant may independently satisfy the purposeful availment test, such as direct solicitation of business in the forum state, conducting negotiations in the forum state, or selecting the forum state's laws as the governing law under a contract at issue.  *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 840 (9th Cir. 1986).  Purposeful availment may also be satisfied where the defendant has knowledge that its contractual obligations will have a substantial effect in the forum state.  *Haisten v. Grass Valley Med. Reimbursement Fund, Ltd.*, 784 F.2d 1392, 1398 (9th Cir. 1986).  Generally, a "defendant's transmission of goods permits the exercise of jurisdiction only where the defendant can be said to have targeted the forum."  *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 882 (2011).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:19-cv-01298-JLS-KES                        Date:  April 22, 2020

Title:  Terry Sonneveldt et al v. Mazda Motor of America, Inc., et al

### 2.  Purposeful Direction

The Ninth Circuit "evaluate[s] purposeful direction under the three-part 'effects' test traceable to the Supreme Court's decision in *Calder v. Jones*, 465 U.S. 783, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984)."  *Schwarzenegger*, 374 F.3d at 803.  Under this test, "the defendant allegedly [must] have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state."  *Id.* (quoting *Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002) (citations omitted)).  In *Walden v. Fiore*, the Supreme Court emphasized that under the *Calder* effects test, "[t]he proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way."  571 U.S. 277, 290 (2014); *see also J. McIntyre*, 564 U.S. at 884 (emphasizing that "[t]he question is whether a defendant has followed a course of conduct directed at the society or economy existing within the jurisdiction").[3]  In other words, in tort actions, while conducting the minimum contacts inquiry, the Court is to focus on "the relationship among the defendant, the forum, and the litigation."  *Walden*, 571 U.S. at 291.  "And it is the defendant [itself], not the plaintiff or third parties, who must create contacts with the forum State."  *Id.*

### B.  MMC's Direct Contacts with the California Forum

MMC's direct contacts with California do not demonstrate either affirmative targeting of the California market, as required to satisfy the purposeful availment test, or

---

[3] Plaintiffs cite to *Trishan Air, Inc. v. Dassault Falcon Jet Corp.*, No. CV 08-7294-VBF(JTLx), 2009 WL 10673286, at *2 (C.D. Cal. Oct. 14, 2009) for the proposition that "in the Ninth Circuit, '[t]here is purposeful direction when a defendant places a product into the stream of commerce and additional conduct indicate[s] an intent or purpose to serve the market in the forum State.'"  (Opp. at 6.)  The district court in *Trishan Air* arrived at that conclusion in reliance on *Asahi Metal Industry Co., Ltd. v. Superior Court*, 480 U.S. 102 (1987) and *Anderson v. Dassault Aviation*, 361 F.3d 449 (8th Cir. 2004).  As set forth above, more recent decisions by the Supreme Court have clarified that a more particularized course of conduct must be shown. *See, e.g., Walden*, 571 U.S. at 290; *J. McIntyre*, 564 U.S. at 884.

---

**CIVIL MINUTES – GENERAL**                                                **8**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:19-cv-01298-JLS-KES                          Date:  April 22, 2020

Title:  Terry Sonneveldt et al v. Mazda Motor of America, Inc., et al

actions expressly aimed at California, as required to satisfy the purposeful direction test.

Plaintiffs first argue that MMC has "specifically designed the Class Vehicles for the California market in compliance with California emission standards." (Opp. at 7 (citing Mazda CX-9 Warranty Booklet at 31, FAC Ex. A., Doc. 54-1).)  But as MMC explains, the California Air Resources Board ("CARB") emissions standards referenced by Plaintiffs were authorized by Congress within the Clean Air Act, 42 U.S.C. Section 7401 *et seq.* (Reply at 3-4.)  California is permitted to enact vehicular emissions standards that may also be adopted by other states.  42 U.S.C. §§ 7507, 7543.  To date, the CARB standards have been adopted by twelve other states.  (*See* Reply at 3 (citing https://ww2.arb.ca.gov/sites/default/files/2019-10/ca_177_states.pdf) (last visited Jan. 30, 2020).)  And CARB-compliant vehicles may be sold not only in states that have adopted the standards, but also in any state contiguous to any one of those adopting states.  (Reply at 3-4 (citing https://iaspub.epa.gov/otaqpub/display_file.jsp?docid=16888&flag=1 (last visited Jan. 30, 2020); https://iaspub.epa.gov/otaqpub/display_file.jsp?docid=24724&flag=1 (last visited Jan. 30, 2020); https://nepis.epa.gov/Exe/ZyPURL.cgi?Dockey=P100G7A8.TXT (last visited Jan. 30, 2020))).  Because the production of vehicles in compliance with CARB standards allows for sale in a number of states, Plaintiffs cannot point to the Class Vehicles' compliance as demonstrating a course of conduct targeting or directed at the California market.

Plaintiffs next focus on MMC's marketing and distribution of vehicles in California through its subsidiary MNAO, its "exclusive U.S. distributer [and] sales agent in California" and "designated agent in the U.S. to interface with NHTSA." (Opp. at 7-8.)  They characterize MMC's engagement of MNAO in these roles as demonstrating purposeful availment through "some form of affirmative conduct allowing or promoting the transaction of business within the forum state[,]" (*Id.* (citing *Telecom Asset Mgmt., LLC v. FiberLight, LLC*, No. C 14-00728 SI, 2014 WL 12819935, at *4 (N.D. Cal. June 12, 2014)).)  However, such conduct is a necessary, but not sufficient, condition for an exercise of personal jurisdiction.  *Gray & Co. v. Firstenberg Mach. Co.*, 913 F.2d 758, 760 (9th Cir. 1990).  While Plaintiffs point to the fact that MNAO is a California corporation, they do not clarify how MMC, in any sense, particularly targeted or directed

_____

**CIVIL MINUTES – GENERAL**                                      **9**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:19-cv-01298-JLS-KES                                Date:  April 22, 2020

Title:  Terry Sonneveldt et al v. Mazda Motor of America, Inc., et al

conduct at this forum by engaging MNAO as a *nation-wide* distributor and agent for interactions with a *federal* agency.  *See J. McIntyre*, 564 U.S. at 886 (explaining that an undifferentiated intent to serve the U.S. market as a whole, without more, does not equate to purposeful availment or targeting of a single state's market).

Next, Plaintiffs contend that MMC has targeted the California forum by creating and disseminating "the owner's manuals, warranty booklets, and maintenance schedules for the Class Vehicles."  (Opp. at 8-9.)  In so doing, Plaintiffs argue that MMC has further engaged in a form of affirmative conduct aimed at the market and created ongoing obligations between itself and California residents.  (*Id.*)  A review of the warranty relied on by Plaintiff requires the opposition conclusion.  The Mazda CX-9 Warranty Booklet directs purchasers and lessees to contact Mazda Dealers and MNAO for all inquiries (Mazda CX-9 Warranty Booklet at 7-11) and notes that Mazda Dealers, which MMC states are authorized by MNAO and not MMC, provide all service under the warranty (*id.* at 16, Reply at 5).  While the Warranty Booklet defines Mazda jointly as MMC and MNAO (Mazda CX-9 Warranty Booklet at 5), as explained above, both the purposeful availment and purposeful direction inquiries focus on the contacts and conduct attributable to each individual Defendant.  While MMC may produce the warranty and maintenance materials delivered alongside Mazda vehicles sold throughout the United States, Plaintiffs have not explained how or provided evidence showing that MMC contacts with California specifically arise from those documents.  *See Arizona Sch. Risk Retention Tr., Inc. v. NMTC, Inc.*, 169 F. Supp. 3d 931, 940 (D. Ariz. 2016) (finding that plaintiff was unable to rely on allegedly provided warranty services to make out a prima facie jurisdictional showing where there was "no evidence that [the defendant] was actually responsible for any warranty-related services in Arizona for the product at issue at the time of the" event giving rise to potential products liability).

In sum, the conduct Plaintiffs identify as directly attributable to MMC is insufficient to show minimum contacts and justify an exercise of specific jurisdiction predicated on either a theory of purposeful availment or purposeful direction.[4]  *See Sher*

---

[4] Plaintiffs also suggest that MMC's alleged control over MNAO and the similarities between the two entities' names, logos, and websites bear on the purposeful availment analysis.  (Opp. at 11-12.)  They note that the court in *Trishan Air,* 2009 WL 10673286, at *4 relied, in part, on similar

**CIVIL MINUTES – GENERAL**                                            **10**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:19-cv-01298-JLS-KES                         Date:  April 22, 2020

Title:  Terry Sonneveldt et al v. Mazda Motor of America, Inc., et al

*v. Johnson*, 911 F.2d 1357, 1362 (9th Cir. 1990) (quoting *Burger King*, 471 U.S. at 478) (requiring the "deliberate creation of a 'substantial connection' [between] California" and the particular defendant over which specific jurisdiction is sought in order to show purposeful availment); *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1230-32 (9th Cir. 2011) (finding purposeful direction in part because there was evidence showing how the defendant's business had specifically "focus[ed] on . . . California" in multiple respects).

### C.  Agency Theory

Plaintiffs also contend that MNAO's California's contacts should be imputed to MMC via an agency theory.  (Opp. at 12-13.)  In support, they assert that (1) MNAO is designated as MMC's agent for interacting with the NHTSA; (2) MMC controls and produces the owner's manuals, warranty booklets, and maintenance schedules for the Class Vehicles; (3) MMC directs consumers to contact MNAO upon learning of any safety defects in Class Vehicles; (4) MMC controls MNAO's California marketing activities; and (5) MMC dictated the name and logo of MNAO.  (*Id.*)

"The existence of a parent-subsidiary relationship is insufficient, on its own, to justify imputing one entity's contacts with a forum state to another for the purpose of establishing personal jurisdiction."  *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1070 (9th Cir. 2015), *cert. denied*, 136 S. Ct. 915 (2016).  Before the Supreme Court's ruling in *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014), "the Ninth Circuit [] allowed imputation of contacts under an agency theory if the subsidiary performed duties that were 'sufficiently important to the foreign corporation that if it did not have a representative to perform them, the corporation's own officials would undertake to perform substantially similar services.'"  *Iconlab Inc. v. Valeant Pharm. Int'l, Inc.*, No. 8:16-cv-01321-JLS-KES, 2017 WL 7240856, at *5 (C.D. Cal. Apr. 25, 2017) (quoting *Doe*, 248 F.3d at 928).  "*Daimler*, however, rejected this test for establishing both specific and general jurisdiction."  *Id.* (citing *Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1024 (9th Cir. 2017); *Ranza*, 793

facts in finding purposeful availment.  However, Plaintiffs do not explain how these branding similarities demonstrate conduct aimed at California.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:19-cv-01298-JLS-KES                              Date:  April 22, 2020
Title:  Terry Sonneveldt et al v. Mazda Motor of America, Inc., et al

F.3d at 1071).  "While *Daimler* recognized the possibility that an agency theory could be used to establish specific jurisdiction, the Ninth Circuit has not enunciated what standard to apply after *Daimler*."  *Id*. (citing *Williams*, 851 F.3d at 1024).  "'[U]nder any standard for finding an agency relationship,' however, 'the parent company must have the right to substantially control its subsidiary's activities.'"  *Id*. (quoting *Williams*, 851 F.3d at 1024-25).

As explained above, MMC has provided the Yamashina Declaration, essentially (1) disavowing any direct connection between MMC and California and (2) emphasizing that MMC respects all corporate formalities between itself and MNAO.  (Yamashina Decl.)  But as Plaintiffs point out, the Yamashina Declaration is faulty in multiple respects and fails to fully insulate MMC from personal jurisdiction based on agency theory.  First, Plaintiffs have alleged that MMC exercises "significant control" over the operations of MNAO and "has input and exercises approval over the marketing activities of MNAO."  (FAC ¶¶ 44, 71; Opp. at 3, 16-17.)  Mr. Yamashina attests that MCC "does not advertise in California and has no involvement in the design or production of advertisements in California" or "dictate or control MNAO's *specific* advertising campaigns, advertising strategy or advertising purchases."  (Yamashina Decl. ¶ 8 (emphasis added).)  Thus, his declaration leaves unclear the degree to which MMC exercises control over MNAO advertising at a more general level, despite the professed absence of input regarding specific advertisements or advertising campaigns.  Further, while Mr. Yamashina states that MMC maintains no sales force or place of business in California (Yamashina Decl. ¶¶ 15-16.), MMC offers nothing to rebut Plaintiffs' evidence suggesting that MMC's Director of International Marking, John Abel, is stationed in Irvine, California, where MNAO maintains its headquarters (*see* Abel LinkedIn Profile, Alperstein Decl. Ex. B, Doc. 61-4).  Accordingly, at the very least, MMC has an employee located in California, possibly directing or controlling certain of MNAO's activities.  Second, as Plaintiffs note, the Yamashina Declaration is written primarily in the present tense and largely fails to the speak to the full time period relevant to this dispute, the years associated with the Class Vehicles, model years 2007 through 2016.  (*See* Yamashina Decl.)

"Fundamental tenets of agency theory require that an agent 'act on the principal's

---

**CIVIL MINUTES – GENERAL**                                                    **12**

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:19-cv-01298-JLS-KES                              Date:  April 22, 2020
Title:  Terry Sonneveldt et al v. Mazda Motor of America, Inc., et al

behalf and subject to the principal's control.'"  *Williams*, 851 F.3d at 1024.  Based on the present record and the limited facts before the Court, the degree to which MMC has the "right to substantially control [MNAO's] activities" and to which MNAO acts on behalf and subject to the control of MMC is unclear.  MMC incorrectly argues that "Plaintiffs fall squarely within *Williams* and cannot rely on" an agency theory.  (Reply at 11-12.)  As noted above, an agency theory remains viable in the wake of *Williams*; the plaintiff in that case was simply unable to rely on such a theory because they "neither allege[d] nor otherwise show[ed] that [the defendant parent corporation] had the right to control [the defendant subsidiary's] activities in any manner at all."  *Williams*, 851 F.3d at 1025.  Different circumstances present here, where Plaintiffs affirmatively allege that MMC exerts substantial control over MNAO and has pointed to gaps in the Yamashina declaration.

"A district court is vested with broad discretion to permit or deny [jurisdictional] discovery."  *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003).  The Ninth Circuit instructs that jurisdictional discovery "should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary."  *Id*. (quoting *Butcher's Union Local No. 498 v. SDC Investment, Inc.*, 788 F.2d 535, 540 (9th Cir. 1986)).  Jurisdictional discovery need not be allowed, however, if the request amounts merely to a "fishing expedition."  *Johnson v. Mitchell*, No. CIV S-10-1968 GEB GGH PS, 2012 WL 1657643, *7 (E.D. Cal. May 10, 2012) (citation omitted).  Instead, the party seeking jurisdictional discovery must make at least a "colorable" showing that jurisdiction exists.  *Mitan v. Feeney*, 497 F. Supp. 2d 1113, 1119 (C.D. Cal. 2007).  The district court should not deny such a request when "[f]urther discovery on the issue might well demonstrate facts sufficient to constitute a basis for jurisdiction."  *Harris Rutsky*, 328 F.3d at 1135 (citing *Wells Fargo & Co. v. Wells Fargo Exp. Co.*, 556 F.2d 430 n.24 (9th Cir. 1977); *Chan v. Soc'y Expeditions, Inc.*, 39 F.3d 1398, 1405-06 (9th Cir. 1994)); *Hayashi v. Red Wing Peat Corp.*, 396 F.2d 13, 14 (9th Cir. 1968) (noting that, in the similar context of a Rule 12(b)(3) motion to dismiss for improper venue, "Of course the trial court may permit discovery on such a motion, and indeed should do so where discovery may be useful in resolving issues of fact presented by the motion, particularly since the necessity of

_____

**CIVIL MINUTES – GENERAL**                                              **13**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:19-cv-01298-JLS-KES                         Date:  April 22, 2020

Title:  Terry Sonneveldt et al v. Mazda Motor of America, Inc., et al

resolving such issues is created by the movant himself and the relevant evidence is peculiarly within the movant's possession.").

Upon review of all papers submitted in connection with this Motion, the Court finds that Plaintiffs have a made a colorable jurisdictional showing concerning the relationship between MMC and MNAO.  They request the opportunity to conduct limited jurisdictional discovery, specifically "leave to serve limited and focused requests for production and interrogatories on MMC, and to conduct a targeted Rule 30(b)(6) deposition of MMC's corporate representative."  (Opp. at 24-25.)  The Court concludes that such discovery is warranted as it "might well demonstrate facts sufficient to constitute a basis for jurisdiction" over MMC.[5]

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, MMC's Motion to Dismiss pursuant to Rule 12(b)(2) is HELD IN ABEYANCE.  Plaintiffs shall have a period, extending **sixty (60) days** from the date of this Order, during which they may conduct discovery, limited in scope, as to MMC's relationship with MNAO and MMC's participation in the distribution, sale, advertising, and marketing of the Class Vehicles in California, both at the present time and during model years 2007 through 2016.[6]  No later than **seven (7) days** after that discovery window closes, Plaintiffs shall file a supplementary brief explaining the impact of the discovery on this Motion.  Within **seven (7) days thereafter**, MMC may file a responsive brief addressing the same topic.  The parties' briefs shall not exceed **ten (10) pages** exclusive of any accompanying evidentiary support.  Upon receipt of the parties'

---

[5] Because the Court orders jurisdictional discovery herein regarding contacts necessary to satisfy the first, purposeful availment/purposeful direction step of the personal jurisdiction analysis outlined above, it does not presently reach the parties arguments on whether Plaintiffs' claims are sufficiently related to those contacts or whether an exercise of jurisdiction would be reasonable, under the second and third steps of that analysis.

[6] Plaintiffs may also conduct discovery into the sale and transfer of title of Mazda6 Class Vehicles, and replacement parts, in California.

---

**CIVIL MINUTES – GENERAL**                                        **14**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:19-cv-01298-JLS-KES                    Date:  April 22, 2020

Title:  Terry Sonneveldt et al v. Mazda Motor of America, Inc., et al

supplementary briefing the Court will either (1) take the matter under submission and post its ruling on the docket, or (2) re-set MMC's Motion for hearing.

Initials of Preparer:  tg