Michael L. Mallow (SBN 188745)
mmallow@shb.com
Darlene M. Cho (SBN 251167)
dcho@shb.com
SHOOK, HARDY & BACON L.L.P.
2049 Century Park East, Suite 3000
Los Angeles, CA 90067
Telephone:  (424) 285-8330
Facsimile:   (424) 204-9093

Attorneys for Defendant
Mazda Motor Corporation

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TERRY SONNEVELDT, et al.,<br><br>                  Plaintiffs,<br><br>         vs.<br><br>MAZDA MOTOR OF AMERICA, INC. D/B/A MAZDA NORTH AMERICAN OPERATIONS and MAZDA MOTOR CORPORATION,<br><br>                  Defendants. | Case No. 8:19-cv-01298-JLS-KES<br>Assigned to: Hon. Josephine L. Staton<br><br>**[Discovery Document: Referred to Magistrate Judge Karen E. Scott]**<br><br>**MAZDA MOTOR CORPORATION'S RESPONSE TO MAGISTRATE JUDGE SCOTT'S MINUTE ORDER IN CHAMBERS [Dkt. 108]**<br><br>Complaint Filed: June 28, 2019 |

Mazda Motor Corporation's ("MC") respectfully files this response to Magistrate Judge Scott's June 24, 2020 Order re Notice of Non-Compliance with Discovery Order ("Order"). Doc. 108.

On June 22, 2020, MC filed its Motion for Review of this Court's June 16, 2020 Order (Doc. 103) and noticed the hearing date for the motion on September 25, 2020, as it was the first available hearing date on the District Court Judge's motion calendar. *See* Doc. 107, ¶ 2. It was never MC's intention to fail to comply with the Magistrate Judge's order until September 25, 2020 for MC's motion for review to be heard. To the contrary, as reflected in the below chronology, MC attempted to secure, prior to filing its motion for review, an earlier hearing date (*i.e.*, before the noticed July 31, 2020 deposition date). But for the reasons explained below, the parties could not agree on a briefing schedule and hearing date, and file a joint stipulation in advance of MC's motion filing. The parties have since filed a joint stipulation to request that the Court advance the date of MC's motion hearing to July 24, 2020. *See* Doc. 107.

On June 16, 2020, following the informal telephone conference with the Court earlier that same day, counsel for MC reached out to Plaintiffs' counsel to request a meet-and-confer pursuant to Local Rule 7-3 to discuss the substance of MC's motion for review of the Court's June 16th order. *See* Declaration of Darlene M. Cho, filed concurrently herewith ("Cho Decl."), ¶ 2.

On June 18, 2020, counsel for the parties conferred regarding the substance of MC's motion for review. *Id.* ¶ 3. During the call, counsel for MC asked whether Plaintiffs would consent to the filing of MC's motion for review as early as on Friday, June 19, 2020, rather than waiting the required 7 days under Local Rule 7-3 before filing a motion. *Id.* ¶ 3. If approved by the Court, this would allow the motion for review to be heard before the noticed deposition date of July 31, 2020.

On June 18, 2020, counsel for MC informed Plaintiffs' counsel via email that the first available hearing date on Judge Staton's motion calendar was September 25, 2020. *Id.* ¶ 4, Ex. A *thereto*. Counsel for MC asked Plaintiffs' counsel if Plaintiffs would

agree to filing a joint stipulation/motion to secure an earlier hearing date of July 17 or July 24 (depending on when MC was able to finalize and file the motion), set the deadline for Plaintiffs to file an opposition to 7 days after the date the motion is filed, and set the deadline for the reply to 7 days after Plaintiffs file their opposition. *Id.*

On June 19, 2020, Plaintiffs' counsel responded stating that in his view, "[t]he proper procedure would be for MC to first file its motion and notice it for September 25th, and then file a motion to advance the date of the hearing." *Id.* ¶ 5, Ex. B *thereto*. Counsel further indicated that "[i]f MC is agreeable to following this procedure, Plaintiffs will agree to not oppose MC's motion to advance the hearing date to July 24th provided that Plaintiffs are given 14 days from the date they are served with MC's motion to file their opposition." *Id.* Plaintiffs' counsel further indicated that "[g]iven that Local Rule 7-9 requires Plaintiffs' opposition to be filed no later than 21 days prior to the hearing date, if MC would like to advance the hearing date to July 24th, then MC must file its motion today, such that Plaintiffs' opposition would be due on July 3rd – 21 days prior to the July 24th hearing date." *Id.*

Nonetheless, on June 19, 2020, and in an attempt to submit a stipulation to the Court to request a briefing schedule and earlier hearing date in advance of MC's motion, counsel for MC sent a draft joint stipulation to Plaintiffs' counsel setting forth the below proposed schedule and hearing date for MC's motion:

| Date | Event |
| --- | --- |
| June 26, 2020 (Fri.) | Deadline for MC to file motion for review with memorandum of law that is no more than 15 pages in length (excluding tables and supporting exhibits and declarations) |
| July 3, 2020 (Fri.) | Deadline for Plaintiffs to file opposition to motion for review of no more than 15 pages (excluding tables and supporting exhibits and declarations) |

| Date | Event |
| --- | --- |
| July 10, 2020 (Fri.) | Deadline for MC to file reply brief of no more than 10 pages (excluding tables and supporting exhibits and declarations) |
| July 17, 2020 at 10:30 am (Fri.) | Hearing on MC's motion for review |

*Id.* ¶ 6, Ex. C *thereto*.

Plaintiffs' counsel did not respond. *Id.* ¶ 7.

On June 22, 2020, MC filed its motion for review noticing its motion for review for hearing on the first available motion date of September 25, 2020. Doc. 103; *see also See* Doc. 107, ¶ 2.

On June 23, 2020, following the filing of MC's motion, counsel for MC emailed Plaintiffs' counsel to again request that the parties file a joint stipulation to advance the hearing date to July 24 and set deadlines for Plaintiffs' opposition and MC's reply. *Id.* ¶ 8, Ex. D *thereto*. Plaintiffs' counsel responded in an email sent at 4:28 p.m. (PDT) stating that Plaintiffs would agree to filing a joint stipulation if MC agreed to provide for Plaintiffs' opposition to be filed by July 6th. *Id.* ¶ 9, Ex. E.

Shortly after, on June 23, 2020, at 5:15 pm (PDT), Plaintiffs filed a notice of non-compliance. Doc. 106; *see also* Cho Decl., ¶ 10, Ex. F.

On June 23, 2020, counsel for MC emailed Plaintiffs' counsel another draft of the joint stipulation setting the deadline for Plaintiffs' opposition on July 6, 2020 and MC's deadline to file a reply brief on July 13, 2020. *Id.*

On June 24, 2020, at 10:18 a.m. (PDT), soon after Plaintiffs' counsel approved, MC filed the parties' joint stipulation with the Court proposing the following briefing schedule for the remaining briefs and hearing date for MC's motion for review:

| Date | Event |
| --- | --- |
| July 6, 2020 (Mon.) | Deadline for Plaintiffs to file opposition to motion for review |

| Date | Event |
|---|---|
| July 13, 2020 (Mon.) | Deadline for MC to file reply brief |
| July 24, 2020 at 10:30 am (Fri.) | Hearing on MC's motion for review |

*See id.* ¶ 11; *see also* Doc. 107.

MC apologizes and regrets it did not notify the Court earlier of this chronology. However, as reflected in this chronology, it was never MC's intention to fail to comply with the Magistrate Judge's order while waiting until September 25, 2020 for MC's motion for review to be heard. To the contrary, MC attempted to secure an earlier hearing date prior to filing, but the parties could not agree on a briefing schedule and hearing date in advance of MC's filing.[1]

Dated: June 24, 2020               SHOOK, HARDY & BACON L.L.P.

                                   By: */s/ Michael L. Mallow*
                                        Michael L. Mallow
                                        Attorney for Defendant
                                        Mazda Motor Corporation

---

[1] On June 19, 2020, counsel for MC also suggested to Plaintiffs' counsel that the parties request an informal telephone conference with the Court immediately to address the impact of MC's motion for review on the Court's June 16th Order. Plaintiffs did not consent to using this procedure. *See* Cho Decl., ¶ 12, Ex. G.