Paul R. Kiesel, State Bar No. 119854
   *kiesel@kiesel.law*
Jeffrey A Koncius, State Bar No. 189803
   *koncius@kiesel.law*
Cherisse H. Cleofe, State Bar No. 290152
   *cleofe@kiesel.law*
**KIESEL LAW LLP**
8648 Wilshire Boulevard
Beverly Hills, CA 90211-2910
Telephone: (310) 854-4444
Facsimile: (310) 854-0812

Attorneys for Plaintiffs and the Proposed Classes

(*Additional Attorneys Listed on Signature Page*)

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY SONNEVELDT, *et al.*, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MAZDA MOTOR OF AMERICA, INC. D/B/A MAZDA NORTH AMERICAN OPERATIONS and MAZDA MOTOR CORPORATION,<br><br>Defendants. | Case No. 8:19-cv-01298-JLS-KES<br><br>**JOINT STIPULATION TO EXTEND DEADLINE FOR FILING OF CLASS CERTIFICATION MOTION AND BRIEFING OF THAT MOTION, ONLY**<br><br>**Judge: Hon. Josephine L. Staton**<br>**Ctrm: 10A, 10th Floor** |

TO THE HONORABLE COURT AND ALL PARTIES AND COUNSEL HEREIN:

Plaintiffs Terry Sonneveldt, Esther Wright Schneider, Shannon Proven, Michael Bibbo, Alan Meshberg, Brian Hume, Amie and Jean Levasseur, Christopher Lacasse, Beth and Dan Pickerd, Tim Halwas, Erin Matheny, Lewis Delvecchio, Jon Sowards, Lawrence Bohana, Monika Bohana, David Dennis, Jacqueline S. Aslan, Michael Gilreath, and Renatta Gilreath ("Plaintiffs") and Defendants Mazda Motor of America, Inc. d/b/a Mazda North American Operations ("MNAO") and Mazda Motor Corporation ("MC" and together with MNAO, "Mazda"), through their counsel, respectfully submit the following Stipulation to continue the class certification briefing deadlines set in the Court's April 8, 2020 Scheduling Order ("Scheduling Order") [ECF No. 71], with reference to the following facts and recitals:

1. On November 1, 2019, Plaintiffs filed their First Amended Complaint [ECF No. 54].

2. On December 9, 2019, MNAO filed a Motion to Dismiss the First Amended Complaint under Rule 12(b)(6) [ECF No. 56] and MC filed a Motion to Dismiss for lack of personal jurisdiction under Rule 12(b)(2) [ECF No. 57], both of which Plaintiffs opposed [ECF Nos. 60, 61].

3. On February 21, 2020, Plaintiffs served a First Request for Production of Documents on MNAO and MC seeking merits discovery, as well as a First Request for Production of Documents on MC seeking jurisdictional discovery. The Parties' July 25, 2019 Service Agreement, which obviated the formalities of the Hague Service Convention, extends the deadline for Mazda to provide discovery responses to ninety (90) days from the date of service and requires Mazda to produce documents contemporaneously with those written responses. In light of MC's then-pending Motion to Dismiss for lack of personal jurisdiction, Plaintiffs' First Request for Production of Documents on MC seeking merits discovery was held in abeyance pending resolution of the jurisdictional challenge.

4. On April 8, 2020, the Court entered a Scheduling Order setting, *inter alia*, a December 21, 2020 deadline for Plaintiffs' motion for class certification and an October 8, 2021 deadline for the end of fact discovery [ECF No. 71].

5. On April 22, 2020, the Court entered an Order holding in abeyance MC's Motion to Dismiss for lack of personal jurisdiction and permitting Plaintiffs sixty (60) days from the date of the Order, or until June 21, 2020, to conduct jurisdictional discovery [ECF No. 77]. In light of the challenges to complete jurisdictional discovery by June 21, 2020, the Parties requested, and the Court entered, an Order extending the deadline to complete jurisdictional discovery until August 20, 2020 [ECF No. 85].

6. The Parties have been conferring on a regular basis since the Court issued its April 22nd Order (and conducted a meet and confer prior to that) regarding the scope of Plaintiffs' written jurisdictional discovery served on MC; the scope, date, and location of the Rule 30(b)(6) deposition notice served on MC; the scope of Plaintiffs' written discovery served on MNAO; the terms of a remote deposition protocol; the terms of an ESI protocol; and the terms of the protective order for discovery materials produce or provided in this case.

7. The Parties have also promptly brought several discovery disputes before Magistrate Judge Scott, including:

    a. an April 10, 2020 hearing regarding a disputed provision contained in the Parties' proposed Protective Order;

    b. a May 28, 2020 hearing regarding Plaintiffs' entitlement to take a Rule 30(b)(6) deposition of MC regarding jurisdiction;

    c. a June 16, 2020 hearing regarding the availability of MC's Rule 30(b)(6) designee to testify remotely;

    d. a July 7, 2020 hearing regarding MC's request for a protective order on the scope of Plaintiffs' Rule 30(b)(6) deposition topics; and

    e. a July 15, 2020 hearing regarding MC's request for a protective order on the scope of Plaintiffs' jurisdictional document requests.

8. MC also sought reconsideration and review of Magistrate Judge Scott's Orders regarding the availability of MC's Rule 30(b)(6) designee to testify remotely or in-person [ECF Nos. 104, 139], which Magistrate Judge Scott and Judge Staton denied [ECF Nos. 134, 136, 148].

9. On August 12, 2020, MC filed a Notice of Withdrawal of Motion to Dismiss for lack of jurisdiction agreeing to submit to the personal jurisdiction of this Court for the purposes of this lawsuit [ECF No. 149] and a Notice of Joinder Joining MNAO's Motion to Dismiss Pursuant to Rule 12(b)(6) [ECF No. 150].

10. The Parties have devoted significant time diligently litigating the multiple discovery disputes that have arisen; however, due to unforeseen circumstances – including the emergence of the COVID-19 pandemic and resources devoted to litigating MC's challenge to personal jurisdiction – the parties respectfully submit that good cause exists under Federal Rule of Civil Procedure 16(b)(4) to extend the deadline for Plaintiffs to file their class certification motion through June 4, 2021.

11. On August 19, 2020, the Parties met-and-conferred and agreed that, pursuant to the Service Agreement, MC's written responses and objections to Plaintiffs' First Request for Production of Documents on MC seeking merits discovery will be on November 10, 2020, which is 90 days from the date MC filed its Notice of Withdrawal of Motion to Dismiss for lack of jurisdiction. Accordingly, pursuant to the Service Agreement, MC's document production will commence contemporaneously with the service of MC's written objections and responses.

12. Contingent on and upon the entry of the proposed scheduling extension, and given that, pursuant to the Service Agreement, MC's document production will commence, at the earliest, on November 10, 2020, the Parties have agreed that MC's document production will be made on a rolling basis and be completed by January 31, 2021, within three months of commencement.

13. Also contingent on and upon the entry of the proposed scheduling extension, and given that Plaintiffs will be unable to conduct informed and meaningful

depositions of MC prior to their receipt and review of MC's document production, Plaintiffs have agreed to notice the depositions of MC witnesses in 2021.

14. The Parties are continuing to negotiate a remote deposition protocol and ESI protocol that would apply to all Parties given that MC has submitted to the jurisdiction of this Court and will be engaging in and responding to merits discovery.

15. MNAO has already begun its document production and is continuing to negotiate ESI keywords and custodians with Plaintiffs to facilitate the production of documents responsive to Plaintiffs' discovery requests. Nothing in this Stipulation shall constitute a waiver by MC of any challenges and objections to deposition notices Plaintiffs may serve in this action, nor shall this stipulation serve as a waiver of any individual rights of Japanese residents to challenge deposition notices Plaintiffs may serve in this action under Japanese law.

16. The Parties otherwise anticipate completing discovery within the timeframe previously set by the Court's April 8, 2020 Scheduling Order.

NOW THEREFORE, Plaintiffs and Mazda, through the undersigned counsel subject to Court approval, hereby stipulate and agree to the following schedule:

| EVENT | CURRENT SCHEDULE | NEW SCHEDULE |
|---|---|---|
| Motion for Class Cert and MSJ | December 21, 2020 | June 4, 2021 |
| Response to Motion for Class Cert and MSJ | February 8, 2021 | July 23, 2021 |
| Reply ISO Motion for Class Cert and MSJ | March 29, 2021 | September 10, 2021 |
| Fact Discovery Cutoff | October 8, 2021 | no change |
| Last Day to Serve Initial Expert Reports | October 22, 2021 | no change |

| | | |
|---|---|---|
| Last Day to File Motions (Excluding Daubert Motions and all other Motions in Limine) | October 22, 2021 | no change |
| Last Day to Serve Rebuttal Expert Reports | November 19, 2021 | no change |
| Last Day to Conduct Settlement Proceedings | December 10, 2021 | no change |
| Expert Discovery Cutoff | December 17, 2021 | no change |
| Deadline for Daubert motions. | December 24, 2021 | no change |
| Deadline for filing other Motions in Limine | January 14, 2022 | no change |
| Final Pretrial Conference (10:30 am PT) (Santa Ana, CA) | February 11, 2022 | no change |
| Preliminary Trial Estimate:[1] | 10-12 days | |

**IT IS SO STIPULATED.**

DATED: August 27, 2020                             Respectfully submitted,

| | |
|---|---|
| **KESSLER TOPAZ MELTZER & CHECK, LLP**<br><br>*/s/ Tyler S. Graden*<br>Joseph H. Meltzer<br>Melissa L. Troutner<br>Tyler S. Graden<br>Natalie Lesser<br>280 King of Prussia Road<br>Radnor, PA 19087<br>Tel.:   (610) 667-7706<br>Fax:   (610) 667-7056<br>jmeltzer@ktmc.com<br>mtroutner@ktmc.com<br>tgraden@ktmc.com<br>nlesser@ktmc.com | **SHOOK, HARDY & BACON L.L.P.**<br><br>*/s/ Darlene M. Cho*<br>Michael L. Mallow (SBN 188745)<br>Darlene M. Cho (SBN 251167)<br>2049 Century Park East, Suite 3000<br>Los Angeles, CA 90067<br>Telephone: (424) 285-8330<br>Facsimile: (424) 204-9093<br>mmallow@shb.com<br>dcho@shb.com<br><br>***Attorneys for Defendants Mazda Motor Corporation and Mazda Motor of America, Inc.*** |

---

[1] The parties inadvertently omitted their respective preliminary trial estimates in their Rule 26(f) report and have included the estimates here.

| | |
|---|---|
| 1 | Paul R. Kiesel |
| 2 | Jeffrey A Koncius<br>Cherisse H. Cleofe |
| 3 | **KIESEL LAW LLP**<br>8648 Wilshire Boulevard |
| 4 | Beverly Hills, CA 90211-2910<br>Tel: (310) 854-4444 |
| 5 | Fax: (310) 854-0812<br>kiesel@kiesel.law |
| 6 | koncius@kiesel.law<br>cleofe@kiesel.law |
| 7 | Jason H. Alperstein |
| 8 | Christopher C. Gold<br>**ROBBINS GELLER** |
| 9 | **RUDMAN & DOWD LLP**<br>120 East Palmetto Park Road, Suite 500 |
| 10 | Boca Raton, FL 33432<br>Tel.: (561) 750-3000 |
| 11 | Fax: (561) 750-3364<br>jalperstein@rgrdlaw.com |
| 12 | cgold@rgrdlaw.com |
| 13 | E. Powell Miller<br>Sharon S. Almonrode |
| 14 | **THE MILLER LAW FIRM, P.C.**<br>Miller Building |
| 15 | 950 West University Drive, Suite 300<br>Rochester, MI 48307 |
| 16 | Tel.: (248) 841-2200<br>Fax: (248) 652-2852 |
| 17 | epm@ millerlawpc.com<br>ssa@ millerlawpc.com |
| 18 | John C. Goodson |
| 19 | Matt Keil<br>**KEIL & GOODSON P.A.** |
| 20 | 406 Walnut Street<br>Texarkana, Arkansas 71854 |
| 21 | Tel: (870) 772-4113<br>Fax: (870) 773-2967 |
| 22 | jgoodson@kglawfirm.com<br>mkeil@kglawfirm.com |
| 23 | Robert H. Edwards |
| 24 | **THE EDWARDS FIRM, P.L.L.C.**<br>711 West Third Street |
| 25 | Little Rock, AR 72201<br>Tel.: (501) 372-1329 |
| 26 | *Counsel for Plaintiffs and the* |
| 27 | *Proposed Classes* |
| 28 | |

6


**L.R. 5-4.3.4(a)(2)(i) Certification:**

Pursuant to Local Rule 5-4.3.4(a)(2)(i), the filer of the document attests that concurrence in the filing of the document has been obtained from each of the other Signatories.

*/s/ Tyler S. Graden*