SHOOK, HARDY & BACON L.L.P.
Michael L. Mallow (SBN 188745)
mmallow@shb.com
Darlene M. Cho (SBN 251167)
dcho@shb.com
2049 Century Park East, Suite 3000
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

Attorneys for Defendants
Mazda Motor of America, Inc.
d/b/a Mazda North American Operations
and Mazda Motor Corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

TERRY SONNEVELDT, et al.,

Plaintiffs,

vs.

MAZDA MOTOR OF AMERICA, INC. D/B/A MAZDA NORTH AMERICAN OPERATIONS and MAZDA MOTOR CORPORATION,

Defendants.

Case No. 8:19-cv-01298-JLS-KES

Assigned to: Hon. Josephine L. Staton

**DEFENDANTS' *EX PARTE* APPLICATION FOR CLARIFICATION REGARDING COURT'S RULING ON MAZDA'S RULE 12(b)(6) MOTION AS TO COUNT 4 AND COUNT 27 [DOC. 175]**

Date: TBD
Time: TBD
Place: 411 W. Fourth St.
Santa Ana, CA, 92701
Courtroom 10A, 10th Floor

[Filed concurrently with Declaration of Darlene M. Cho; [Proposed] Order]

Complaint Filed: June 28, 2019

**PLEASE TAKE NOTICE** that Defendants Mazda Motor of America, Inc. d/b/a Mazda North American Operations ("MNAO") and Mazda Motor Corporation ("MC") hereby apply *ex parte* for clarification regarding the Court's January 4, 2021 order granting in part and denying in part MNAO's Rule 12(b)(6) motion to dismiss (Doc. 175) as to Plaintiffs Wright Schneider's and Lawrence and Monika Bohana's claim for violation of the Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1791 *et seq.* (Count 4) and Plaintiff Hume's claim for violation of the Louisiana Product Liability Act, La. Stat. Ann. 9:2800.51, *et seq.* (Count 27).

In the Court's January 4, 2021 Order, the Court granted Plaintiffs leave to amend their pleading to correct the deficiencies identified in the Order. Doc. 175 at 34. Any amended complaint is due by January 25, 2021. *Id.* However, as detailed below, Plaintiffs and Defendants disagree as to whether the Court has dismissed Plaintiffs Wright Schneider's and Lawrence and Monika Bohana's claim for violation of the Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1791 *et seq.* (Count 4) and Plaintiff Hume's claim for violation of the Louisiana Product Liability Act, La. Stat. Ann. 9:2800.51, *et seq.* (Count 27). Defendants submit that the parties' disagreement as to the current status of Count 4 and Count 27 will likely impact any amended complaint Plaintiffs may file on January 25, 2021 and any Rule 12 motion Defendants may file thereafter. Therefore, in the interest of judicial economy, Defendants respectfully request that the Court clarify whether Count 4 and Count 27 were dismissed prior to the deadline for Plaintiffs to file an amended complaint to inform the nature and scope of amendment permitted by the Court so as to avoid raising competing interpretations of the Court's January 4, 2021 Order in the context of any future Rule 12 briefing that may be filed.

In addition, there is additional good cause for the emergency relief sought in this *ex parte* application. In light of the current case schedule (*see* Docs. 71, 152), and based on Defendants' good faith belief that a ruling on the then-pending Rule 12(b)(6) motion would be potentially dispositive of the entire case or as to which discovery

was directed, Defendants filed a motion to stay discovery until at least 10 months after the case is at issue and to extend the case schedule if the stay of discovery is granted. *See* Doc. 170.  Because May 7, 2021 was the earliest hearing date available at the time of filing the motion, the parties filed a joint request to advance the hearing date of the motion from May 7, 2021 to January 22, 2021.  Doc. 171.  The Court recently declined the parties' request to advance the hearing date on Defendants' motion to stay discovery and to set a briefing schedule for Plaintiffs' opposition and Defendants' reply brief.  Doc. 177 (finding no "good cause to advance the hearing date" "in light of the Court's recent ruling on Defendants' Motion to Dismiss.")  Clarification from the Court regarding the status of Counts 4 and 27 will assist the parties in their discussions as to how the Court's January 4, 2021 Order, the anticipated amended complaint, and potential further motion practice under Rule 12 impacts the current case schedule (which sets June 4, 2021 as the deadline for Plaintiffs to file their motion for class certification), whether a stay of discovery until the case is at issue would further judicial efficiency and economy, and whether Court relief from the current case schedule will be necessary (if the parties cannot reach an agreement on the case schedule).

**PURSUANT TO LOCAL RULE 7-19.1**, on January 13, 2021 and January 14, 2021, counsel for Defendants provided Plaintiffs' counsel with notice of the substance of this *ex parte* application via written correspondence and informed Plaintiffs' counsel that Defendants intend to file this *ex parte* application on January 14, 2021. Declaration of Darlene M. Cho ("Cho Decl.") ¶ 2.  On January 14, 2021, Defendants' counsel also provided notice to Plaintiffs' counsel via telephone regarding the date and substance of Defendants' *ex parte* application.  ¶ 3.  Counsel for Plaintiffs informed Defendants that Plaintiffs will oppose this application.  *Id.*  Plaintiffs were advised that per the Court's procedures, Plaintiffs' opposition, if any, must be filed no later than 24 hours after service.  *Id.*

**PURSUANT TO LOCAL RULE 7-19**, opposing counsel's contact information follows:

| | |
|---|---|
| **KIESEL LAW LLP**<br>Paul R. Kiesel,<br>kiesel@kiesel.law<br>Jeffrey A. Koncius<br>koncius@kiesel.law<br>Cherisse H. Cleofe<br>cleofe@kiesel.law<br>8648 Wilshire Boulevard<br>Beverly Hills, CA 90211-2910 | **KESSLER TOPAZ MELTZER & CHECK, LLP**<br>Joseph H. Meltzer<br>jmeltzer@ktmc.com<br>Melissa L. Troutner<br>mtroutner@ktmc.com<br>Natalie Lesser<br>NLesser@ktmc.com<br>Tyler Graden<br>tgraden@ktmc.com<br>280 King of Prussia Road<br>Radnor, PA 19087 |
| **ROBBINS GELLER RUDMAN & DOWD LLP**<br>Christopher C. Gold<br>cgold@rgrdlaw.com<br>120 East Palmetto Park Road, Suite 500<br>Boca Raton, FL 33432<br><br>Mark S. Reich[1]<br>mreich@rgrdlaw.com<br>Philip T. Merenda<br>pmerenda@rgrdlaw.com<br>58 S. Service Road, Suite 200<br>Melville, NY 11747 | **THE MILLER LAW FIRM, P.C.**<br>E. Powell Miller<br>epm@miller.law<br>Sharon S. Almonrode<br>ssa@miller.law<br>Emily E. Hughes<br>eeh@millerlawpc.com<br>Miller Building<br>950 W. University Dr., Suite 300<br>Rochester, MI 48307 |
| **KEIL & GOODSON P.A.**<br>John C. Goodson<br>jgoodson@kglawfirm.com<br>Matt Keil<br>mkeil@kglawfirm.com<br>406 Walnut Street<br>Texarkana, Arkansas 71854 | **THE EDWARDS FIRM, P.L.L.C.**<br>Robert H. Edwards<br>bob@bobedwardslaw.com<br>711 West Third Street<br>Little Rock, AR 72201 |

This *Ex Parte* Application is based on this notice and the attached memorandum of points and authorities, the concurrently filed declaration of Darlene M. Cho, the proposed order, the pleadings, records and files in this action, and on such further evidence or argument as may be presented by Defendants prior to or at the hearing or submission of this matter.

---

[1] Defendants' counsel were advised on January 12, 2021 that Mr. Reich and Mr. Merenda of Robins Geller Rudman & Dowd LLP will also be representing Plaintiffs in this action.

| | | |
|---|---|---|
| 1 | Dated: January 14, 2021 | SHOOK, HARDY & BACON L.L.P. |
| 2 | | |
| 3 | | By: */s/ Michael L. Mallow* |
| | | Michael L. Mallow |
| 4 | | Attorney for Defendants |

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendants Mazda Motor of America, Inc. d/b/a Mazda North American Operations ("MNAO") and Mazda Motor Corporation ("MC") respectfully submit this *ex parte* application seeking clarification regarding the Court's January 4, 2021 order granting in part and denying in part MNAO's Rule 12(b)(6) motion to dismiss (Doc. 175) as to Plaintiffs Wright Schneider's and Lawrence and Monika Bohana's claim for violation of the Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1791 *et seq.* (Count 4) and Plaintiff Hume's claim for violation of the Louisiana Product Liability Act, La. Stat. Ann. 9:2800.51, *et seq.* (Count 27).

## I. BACKGROUND

On January 4, 2021, the Court issued its Order Granting in Part, Denying in Part MNAO's Rule 12(b)(6) motion. Doc. 175 ("Order"). On January 4, 2021, counsel for MNAO and MC requested a conference with Plaintiffs' counsel regarding case scheduling and a proposal to stay discovery in light of the Order.[2] Counsel for Plaintiffs agreed to a call on January 12, 2021. During the discussion, it became evident that Plaintiffs do not agree the Court's Order dismissed Count 4 and Count 27. Accordingly, MNAO and MC respectfully submit this request for clarification to provide guidance to the parties regarding the scope of dismissal and amendment permitted by the Court and to hopefully facilitate the parties' discussion about case scheduling and Mazda's proposal to stay discovery until the case is at issue.

///
///
///

---

[2] Before the Order issued, on December 18, 2020, MNAO and MC filed a motion to stay discovery until the case is at issue. Doc. 170. MNAO and MC concurrently-filed a joint stipulation to advance the hearing date on the motion and for an order setting a briefing schedule for Plaintiffs' opposition and Mazda's reply to be expeditiously filed prior to the proposed advanced hearing date. Doc. 171. The Court declined the parties' request to advance the hearing date on Defendants' motion to stay discovery and to extend the case schedule. Doc. 177.

## II. REQUEST FOR CLARIFICATION

### A. Count 4

MNAO moved to dismiss all of Wright Schneider's and the Bohanas' implied-warranty claims, including under the Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1791 *et seq.* (Count 4), on the ground that the durational limits in the PLW applied to any applicable implied-warranty under California law. *See* Memo. of Ps & As ISO Rule 12(b)(6) Motion to Dismiss, Doc. 56-1 ("Motion"), at p. 12 (citing Cal. Civ. Code § 1791.1(c)); *see also* Appendix A to Motion (chart clarifying that Mazda sought to dismiss Song-Beverly claims [S-B] on the ground that any implied warranty was "[l]imited to PLW's terms.") The Court dismissed all implied-warranty claims on the ground that Plaintiffs failed to refute—and thus conceded—Mazda's argument that it may impose limitations on implied warranties. Order at 27-28 (Section III.C.2.b). The Court also concluded that Plaintiffs failed to plead that the limitations on any implied warranties were unconscionable. *Id.* at 28 (Section III.C.2.b).

MNAO also moved to dismiss all of Wright Schneider's and the Bohanas' implied-warranty claims, including under Song-Beverly, as time-barred. *See* Motion at 13-14; *id.* at 14 (identifying Cal. Com. Code § 2725 as statutory basis for dismissing Song-Beverly claims as time-barred); see *also* Appendix A to Motion (chart clarifying that Mazda sought to dismiss Song-Beverly claims [S-B] as "[u]ntimely"). Because Song-Beverly does not prescribe its own limitations period, courts have held that the limitations period set forth in Cal. Com. Code § 2725 applies to Song-Beverly. *See Asghari v. Volkswagen Grp. of Am., Inc.*, 42 F. Supp. 3d 1306, 1337 (C.D. Cal. 2013). The Court held that implied warranty claims for all Plaintiffs other than Hume and Sowards were untimely as pleaded. Order at 28-29 (Section III.C.2.d).

The Court also dismissed Wright Schneider's and the Bohanas' claim under Magnuson-Moss (Count 5) because Plaintiffs failed to adequately plead any viable express and implied warranty claims under applicable state law. Order at 30.

Based on the foregoing, it is MNAO and MC's understanding that the Court has dismissed Count 4 asserted by Wright Schneider and the Bohanas, notwithstanding the fact that the Court did not specifically identify Count 4 as dismissed in certain sections of the Order where the Court summarized the dismissed counts. *See* Order at 29-30, 33-34. Plaintiffs have taken the position that the Court did not dismiss Count 4. Accordingly, MNAO and MC respectfully request the Court's clarification as to whether Count 4 was dismissed.

B. **Count 27**

MNAO moved to dismiss Plaintiff Hume's claim for violation of Louisiana's Product Liability Act, La. Stat. Ann. 9:2800.51, *et seq.* (Count 27) on several grounds. *See* Motion at 27:15-17 (explaining, among other things, failure to satisfy Rule 9(b) (Motion at Section IV.C.1), failure to plead an affirmative or partial misrepresentation (Motion at Section IV.C.2), and failure to plead pre-sale knowledge (Motion at Section IV.C.3) required the dismissal of the LPLA claim). Although the Court did not dismiss Hume's LPLA claim based on the failure to adequately allege a defect, as time-barred, or as barred by the economic loss doctrine, *see* Order at 20, the Court dismissed Count 27 on other grounds. *See* Order at 13. Plaintiffs have taken the position that the Court did not dismiss Count 27. Accordingly, MNAO and MC respectfully request the Court's clarification as to whether Count 27 was dismissed.

III. **GOOD CAUSE STATEMENT**

Defendants submit there is good cause for seeking expedited relief for clarification.

The parties' current disagreement as to the status of Count 4 and Count 27 will likely impact any amended complaint Plaintiffs may file on January 25, 2021. Moreover, to the extent Defendants file a motion to dismiss, the content and substance of their Rule 12 motion will likely be impacted by the parties' disagreement as to whether Count 4 and Count 27 were dismissed. Rather than having the parties raise arguments based on diverging views and interpretations of the Court's January 4,

2021 Order in the context of any future Rule 12 briefing that may be filed, Defendants submit it would further the interests of judicial economy to have the Court clarify whether Count 4 and Count 27 were dismissed prior to the filing of any amended complaint. Given that the deadline for Plaintiffs to file an amended complaint is on January 25, 2021, there is good cause to seek expedited relief for clarification.

There is additional good cause for the emergency relief sought in this *ex parte* application. In light of the current case schedule (*see* Docs. 71, 152), and based on Defendants' good faith belief that a ruling on the then-pending Rule 12(b)(6) motion would be potentially dispositive of the entire case or as to which discovery was directed, Defendants filed a motion to stay discovery until at least 10 months after the case is at issue and to extend the case schedule if the stay of discovery is granted. *See* Doc. 170. Because May 7, 2021 was the earliest hearing date available at the time of filing the motion, the parties filed a joint request to advance the hearing date of the motion from May 7, 2021 to January 22, 2021. Doc. 171. The Court recently declined the parties' request to advance the hearing date on Defendants' motion to stay discovery and to set a briefing schedule for Plaintiffs' opposition and Defendants' reply brief. Doc. 177 (finding no "good cause to advance the hearing date" "in light of the Court's recent ruling on Defendants' Motion to Dismiss.") Clarification from the Court regarding the status of Counts 4 and 27 will assist the parties in their discussions as to how the Court's January 4, 2021 Order, the anticipated amended complaint, and potential further motion practice under Rule 12 impacts the current case schedule (which sets June 4, 2021 as the deadline for Plaintiffs to file their motion for class certification), whether a stay of discovery until the case is at issue would further judicial efficiency and economy, and whether Court relief from the current case schedule will be necessary (if the parties cannot reach an agreement on the case schedule).

## IV. CONCLUSION

For the foregoing reasons, Mazda respectfully requests that the Court clarify whether in the Court's January 4, 2021 Order (Doc. 175), the Court dismissed Plaintiffs Wright Schneider's and Lawrence and Monika Bohana's claim for violation of the Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1791 *et seq.* (Count 4) and Plaintiff Hume's claim for violation of the Louisiana Product Liability Act, La. Stat. Ann. 9:2800.51, *et seq.* (Count 27).

Dated: January 14, 2021

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

By: */s/ Michael L. Mallow*

    Michael L. Mallow
    Attorney for Defendants