**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:19-cv-01298-JLS-KESx                                     Date:  March 16, 2021

Title: TERRY SONNEVELDT, et al. v. MAZDA MOTOR OF AMERICA, INC., et al.

PRESENT:

THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

| Jazmin Dorado | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:       ATTORNEYS PRESENT FOR DEFENDANT:
None Present                                                          None Present

**PROCEEDINGS (IN CHAMBERS):**   Order DENYING without prejudice motion to compel document production in 30 days (Dkt. 214)

On March 9, 2021, Plaintiffs filed a motion to compel Defendants Mazda Motor of America, Inc. d/b/a/ Mazda North American Operations ("MNAO") and Mazda Motor Corporation ("MC") (collectively "Mazda") to "complete their production of documents responsive to Plaintiffs' First Set of Requests for Production of Documents within thirty (30) days." (Dkt. 214 at 2.) The motion is noticed for a hearing on April 6, 2021, such that the requested deadline for Mazda's document production is May 2021.

Plaintiffs argue that (1) Mazda had previously represented that it could complete its rolling production by January 2021; (2) Mazda's production to date has been scant[1]; and (3) Plaintiffs need responsive documents before their June 4 deadline to move for class certification (a deadline the parties recently stipulated to extend to October 7 [Dkt. 215]).

Mazda counters that it has filed a motion to dismiss that it believes will end the case (Dkt. 201) and a motion to stay discovery while the District Judge considers the motion to dismiss (Dkt. 170). The stay motion is noticed for a hearing on May 7, 2021. Mazda urges the Magistrate Judge to defer ruling on Plaintiffs' motion until after May 7 so as to avoid a potential conflict with the District Judge's ruling on the stay motion. Mazda also argues that Plaintiffs' proposed 30-day timeline is unduly burdensome and unreasonable, because (1) the parties have yet to agree on custodians or search terms for locating relevant emails; (2) even after they do so (or have the Magistrate Judge resolve their disagreements), Mazda will need to run the agreed-upon searches and then review the hits (estimated to exceed 200,000 emails) for relevancy and privilege.

---

[1] MC has produced no documents while MNAO has produced fewer than 300 documents. (Dkt. 241-1 at 7.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:19-cv-01298-JLS-KESx                                                                                    Date: March 16, 2021
                                                                                                                                            Page 2

   The Court DENIES Plaintiffs' request that Defendants complete their production in 30 days but ORDERS the parties to undertake the steps below to better position themselves to complete discovery promptly if the District Judge denies the stay motion.[2]  To that end:

   • Plaintiffs shall draft and submit to Defendants a proposal for completing electronic discovery.  At a minimum, the proposal shall specify the requested custodians and search terms and address how non-English language documents will be handled.  In drafting the proposal, Plaintiffs shall consider (1) whether particular discovery (perhaps about certain topics or from certain custodians) can be delayed until after class certification; (2) whether certain documents can be located without keyword searching; and (3) whether the use of certain search terms can be contingent on the resulting hits being below some reasonable number.  Plaintiffs shall keep in mind Federal Rule of Civil Procedure 1 and the fact that whether particular discovery burdens are "proportional to the needs of the case" under Rule 26(b) now may depend on the likelihood of Plaintiffs' claims surviving the pending motion to dismiss and certifying a class.

   • **Within five (5) business days** of receiving Plaintiffs' proposal, Defendants shall respond with a counter proposal.  If it is the easiest way to communicate proposed changes, Defendants may provide a redline of Plaintiffs' proposal.  Defendants should also keep in mind Rule 1, the fact that the Court typically does not stay discovery while a motion to dismiss is pending, and the fact that Defendants will need to produce documents relevant to the elements of class certification (and documents on which Defendants will rely to oppose class certification) in advance of Plaintiffs' deadline to move for class certification.  Defendants shall also estimate the daily rate at which they anticipate being able to review hits and a schedule for producing a privilege log.  Whatever searches are done, the Court expects that Defendants will disclose the total number of hits after de-duplication.

   • **Within five (5) business days** of receiving Defendants' counter proposal, the parties shall meet and confer to see if they can resolve some of their disagreements.

   • **Within five (5) business days** of the conference, as to any matters on which they cannot agree, the parties will (1) file a notice reserving a date for a telephonic conference with the Magistrate Judge and (2) file a joint discovery proposal that clearly identifies (with headings, highlighting, or color-coding) (1) matters as to which there is no dispute, (2) Plaintiffs' proposal for disputed matters; and (3) Defendants' proposal for disputed matters.  No later than **two (2) days before the hearing**, the parties may each file a letter brief (not exceeding 5 pages) explaining why their proposals are more reasonable.

                            Initials of Deputy Clerk JD

---

[2] The hearing on the Motion noticed for April 6, 2021, is taken OFF CALENDAR.