1  Michael L. Mallow (SBN 188745)
   mmallow@shb.com
2  Darlene M. Cho (SBN 251167)
   dcho@shb.com
3  SHOOK, HARDY & BACON L.L.P.
   2121 Avenue of the Stars, Suite 1400
4  Los Angeles, CA 90067
   Telephone:   (424) 285-8330
5  Facsimile:    (424) 204-9093

6  Attorneys for Defendants
   Mazda Motor of America, Inc.
7  d/b/a Mazda North American Operations
   and Mazda Motor Corporation

8
                **UNITED STATES DISTRICT COURT**
9
                **CENTRAL DISTRICT OF CALIFORNIA**
10

11  TERRY SONNEVELDT, et al.,            Case No. 8:19-cv-01298-JLS-KES

12          Plaintiffs,                  Assigned to: Hon. Josephine L. Staton

13      vs.                              **DEFENDANTS' REPLY AND**
                                         **RESPONSE TO PLAINTIFFS'**
14  MAZDA MOTOR OF AMERICA, INC.         **OBJECTIONS TO RENEWED**
    D/B/A MAZDA NORTH AMERICAN           **APPLICATION TO THE CLERK TO**
15  OPERATIONS and MAZDA MOTOR           **TAX COSTS AGAINST PLAINTIFFS**
    CORPORATION,
16
            Defendants.
17
                                         Complaint Filed: June 28, 2019
18

19

20

21

22

23

24

25

26

27

28

## **INTRODUCTION**

On June 5, 2023, this Court denied without prejudice Defendants' initial application to tax costs against Plaintiffs "[b]ecause the disposition of Plaintiffs' pending appeal could potentially moot an award of costs to Mazda." Doc. No. 592. The Court permitted Mazda to "file a renewed application to tax costs within 14 days of the disposition of the appeal, if appropriate." *Id.* The Ninth Circuit issued its mandate on January 21, 2025 and Defendants filed a renewed application on February 6, 2025, 16 days after the mandate issued or two days after the 14-day deadline the Court imposed for Defendants to file a renewed application to tax costs. If Defendants' renewed application is untimely, it is untimely by, at most, two days. As detailed below, Defendants respectfully request that given the destruction of their lead counsel's home on January 7, 2025 and Defendants' other counsel taking an extended personal leave of absence, their delay in filing the renewed application be excused.

Other than the timeliness issue, Plaintiffs' objections filed on February 19, 2025 (Doc. 599) largely repeat the same arguments previously made in their initial objections. *Compare* Doc. 585 at pp. 1-3 *with* Doc. 599 at pp. 1-3; Doc. 585 at p. 3 *with* Doc. 599 at pp. 3-4; Doc. 585 at pp. 4-11 *with* Doc. 599 at pp. 6-13; and Doc. 585 at p. 12 *with* Doc. 599 at pp. 13-14. In the interests of conserving this Court's resources, here, Defendants decline to repeat the arguments that are already incorporated in the fully briefed papers. *See* Doc. Nos. 583, 585, 586. To the extent Plaintiffs have raised any new substantive arguments in their recent filing, Defendants respectfully request the Court consider them waived for having failed to assert them in their initial response. Defendants address below the timeliness issue raised by Plaintiffs.

///

///

///

REPLY AND RESPONSE TO PLAINTIFFS' OBJECTIONS TO RENEWED APPLICATION TO TAX COSTS

## **ARGUMENT**

**I.    Defendants' Initial Application was Timely and to the Extent the Renewed Application is Untimely, Defendants Request Counsel's Oversight Be Excused for Good Cause.**

Plaintiffs suggest Defendants' initial application to tax costs was untimely, but that is incorrect. *See* Doc. No. 599 at 4, fn. 9. The Court entered judgment on March 4, **_2023_**, which fell on a Saturday. Doc. No. 582. Defendants' initial application to tax costs was filed on Monday, March 20, 2023 and timely under L.R. 54-2.1 and Fed. R. Civ. P. 6. *See* Fed. R. Civ. P. 6(a)(1)(C); Doc. No. 583. Not only was the application timely, it was fully briefed. In response to Defendants' initial application, Plaintiffs filed their objections pursuant to L.R. 54-2.2 (Doc. No. 585) and Defendants filed their response pursuant to L.R. 54-2.3 (Doc. No. 586). Following the disposition of the appeal, Defendants' application is now ripe for decision.

On December 30, 2024, the Ninth Circuit affirmed this Court's order granting Defendants' motion to exclude the merits report and testimony of Christopher White, Ph.D., granting Defendants' motion for summary judgment, and decertifying the classes. Doc. No. 596. The Ninth Circuit's judgment did not become final until issuance of the mandate. *See* Fed. R. App. P 41(c), Adv. Comm. Note, 1998 Amend. ("A court of appeals' judgment or order is not final until issuance of the mandate; at that time the parties' obligations become fixed."); *see also* Doc. No. 597 (mandate issued on January 21, 2025 stating, "The judgment of this Court, entered December 30, 2024, *takes effect this date*.") (emphasis added). Defendants acknowledge the mandate issued on January 21, 2025 (Doc. No. 597) and their renewed application was filed February 6, 2025 (Doc. No. 589), two days after the 14-day deadline imposed by the Court to file a renewed application following the disposition of the appeal.

Despite the two-day delay in filing the renewed application, Defendants respectfully request that the Court rule on the merits of Defendants' renewed application because the delay was caused solely by the oversight of counsel. One of

Defendants' primary counsel in this matter commenced a personal leave of absence starting on November 25, 2024; has not been monitoring her work emails; and is not expected to return from leave until May of 2025 at the earliest. On January 7, 2025, the Palisades wildfire destroyed the home of Michael Mallow, Defendants' lead counsel in this matter. The forced evacuation surrounding the fire and destruction of Mr. Mallow's home, coupled with the timing of Defendants' counsel's leave, caused the two-day delaying in filing the renewed application to tax costs. Given this oversight by counsel, Defendants respectfully request the Court rule on the merits of Defendants' renewed application, particularly given the fact Plaintiffs do not claim any prejudice due to the two-day delay in filing the renewed application. *Cf. Katzkin Leather, Inc. v. Nissan N. Am., Inc.*, No. CV 05-971-RGK (FMOX), 2006 WL 8434396, at *2 (C.D. Cal. Mar. 24, 2006) (granting relief under Fed. R. Civ. P. 60(b)(1) for counsel's good faith neglect in omitting signature on the defendants' notice of application to tax costs that caused the document and bill of costs to be received but not timely filed); *Stark-Romero v. Nat'l R.R. Passenger Co. (AMTRAK)*, 275 F.R.D. 544, 549 (D.N.M. 2011) ("[a] lawyer should be able to show excusable neglect and good cause when he or she has unexpected turmoil in life").

## **CONCLUSION**

For all the foregoing reasons, Defendants respectfully renew their application to tax costs against Plaintiffs and that any delay in filing the renewed application be waived as excusable neglect.

Dated: February 20, 2025

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

By: */s/ Michael L. Mallow*
Michael L. Mallow
*Attorneys for Defendants* Mazda Motor of America, Inc. d/b/a Mazda North American Operations and Mazda Motor Corporation